**Lynda Jean WEIBEL, Individually and as Trustee for the Heirs and Next of Kin and on Behalf of all Statutory Beneficiaries of Scott Edward Weibel, Deceased, Appellant,**

v.

**MARTIN INDUSTRIES, INC., Appellee.**

No. 2–90–075–CV.

Court of Appeals of Texas, Fort Worth.

March 27, 1991.

Rehearing Overruled April 30, 1991.

Wells, Williford & Felber, and Mike Felber, Fort Worth, for appellant.

Fulbright & Jaworski, and Cynthia A. Leiferman, Dallas, for appellee.

Before FARRIS, MEYERS and DAY, JJ.

## OPINION

FARRIS, Justice.

Weibel appeals a summary judgment in a wrongful death case. The facts are undisputed: Weibel's husband, Scott Edward Weibel, was killed on October 30, 1987 when struck by a truck; in January 1987 the Texas Secretary of State had issued a certificate dissolving Martin Industries, Inc. (Martin); Weibel sued Martin and other defendants on October 26, 1989, alleging her husband was killed when struck by equipment manufactured by Martin. Martin moved for summary judgment contending that it was not liable for Weibel's damages because they were the result of conduct occurring after Martin was dissolved and there was no cause of action for post-dissolution claims. Weibel raises two points on appeal arguing: (1) article 7.12 of the Texas Business Corporation Act provides a remedy for post-dissolution claims; and alternatively, (2) an interpretation of 7.12 excluding any remedy for post-dissolution claims violates the open courts guarantee of the Texas Constitution. We overrule both points of error holding: (1) article 7.12 does not provide any remedy for post-dissolution claims; and (2) because this interpretation involves no restriction of an established right to redress, it does not violate the constitutional open courts guarantee.

The summary judgment is affirmed.

TEX.BUS.CORP.ACT ANN. art. 7.12 (Vernon 1980) provides that a dissolved corporation may survive for three years for specific purposes including the survival of a claim against it which was incurred before dissolution. Article 7.12 was amended in 1987, effective August 31, 1987.

We overrule Weibel's first point because the supreme court has held that article 7.12 does not provide a remedy for post-dissolution claims. *See Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 553 (Tex. 1981). In overruling her first point we reject Weibel's argument urging us to adopt the rationale of the *Hunter* dissent. *Id.* at 553. She also argues the 1987 amendment of article 7.12 extended the relief afforded pre-dissolution claimants to those with post-dissolution claims effectively reversing *Hunter*. We disagree and hold that the 1987 amendment of article 7.12 did not extend its remedy to post-dissolution claims because it only provided for the survival of any right or claim existing or any liability incurred before dissolution and did not provide for the survival of post-dissolution claims.

In support of her second point Weibel argues that an interpretation of article 7.12 which denies the survival of post-dissolution claims violates the open courts doctrine. *See* TEX. CONST. art. I, sec. 13. It is her argument that if article 7.12 does not include post-dissolution claims, then it created an impossible condition upon which her claim was contingent: a requirement that she make a claim against Martin before it was dissolved, and before the death of her husband and her resulting loss. *See Nelson v. Krusen*, 678 S.W.2d 918 (Tex. 1984). Legislation violates article I, section 13 and is a denial of due process if its effect is to unreasonably abrogate a recognized right of recovery without substituting other reasonable remedies. We hold there is no violation of article I, section 13 because Weibel's claim against a dissolved corporation did not involve an established right to redress of any injury. The right to hold a dissolved corporation liable for a post-dissolution claim has never been recognized in Texas, and no statutory grant of such relief has ever existed or become an accustomed right under Texas law. Article 7.12 does not abrogate a well-established right to a cause of action and, therefore, does not violate article I, section 13. The second point is overruled.

The judgment of the trial court is affirmed.