Peggy **ANDERSON, individually and as Administratrix of the Estate of George Anderson, Deceased, Candace Anderson Breeden, Deborah Jo Anderson Duggan, and George Michael Anderson, Appellants,**

v.

**HODGE BOATS & MOTORS, INC., Appellee.**

**No. 09–90–144 CV.**

Court of Appeals of Texas, Beaumont.

Aug. 29, 1991.

Rehearing Denied Sept. 12, 1991.

---

Kenneth W. Lewis, Bush, Lewis, Ramsey & Roebuck, Beaumont, for appellants.

Richard L. Scheer, Strong, Pipkin, Nelson & Bissell, Beaumont, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

This is an appeal from the granting of a summary judgment. Appellants sued Hodge Boats & Motors, Inc. ("Hodge") and others, alleging negligence, products liability, and gross negligence. A boat sold by Hodge to George Anderson's predecessor in title sank while George and Peggy Anderson were boating. George Anderson drowned. His wife survived. Hodge answered the suit with allegations that it had been dissolved before the date of the accident and more than three years prior to suit being filed against it. Hodge filed a motion for summary judgment alleging appellants sued it at a time when it no longer existed and the claims arose subsequent to its dissolution. The trial court granted the motion, entered judgment, and severed the summary judgment from the remainder of the suit. Appellants raise four points of error.

Appellants argue the first three points together. Point of error one complains the trial court erred in granting summary judgment because TEX.BUS.CORP.ACT ANN. art. 7.12 (Vernon Supp.1991) is inapplicable to post-dissolution personal injury or death claims against a corporation when the claims are brought within the applicable statute of limitations. Point of error two contends application of Business Corporation Act Article 7.12 to post-dissolution personal injury or death claims brought within the limitation period violates TEX. CONST. art. I, §§ 13, 15. Point of error three avers Hodge failed to show an alternative method of redress exists and there is no other forum to which appellants may appeal for

recompense of their injuries due to Hodge's acts.

■ Although appellants correctly contend that article 7.12 is inapplicable to post-dissolution claims such as this, they incorrectly conclude that the trial court erroneously applied the statute to them. Article 7.12 is a survival statute which provides for exclusive means whereby an injured party may assert a claim after the dissolved corporation has ceased to exist for other purposes. *Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547 (Tex.1981). As stated in *Hunter*, "[a]t common law, dissolution terminated the legal existence of a corporation. Once dissolved, the corporation could neither sue nor be sued, and all legal proceedings in which it was a party abated." *Id.* at 549–50. *See also Suarez v. Sherman Gin Co.*, 697 S.W.2d 17 (Tex. App.—Dallas 1985, writ ref'd n.r.e.).

■ The result in this case does not violate the open courts doctrine. TEX. CONST. art. I, § 13. The right to hold a dissolved corporation liable for a post-dissolution claim has never been recognized in Texas, and no statutory grant of such relief has ever existed or become an accustomed right under Texas law. *Weibel v. Martin Industries, Inc.*, 806 S.W.2d 345 (Tex.App.—Fort Worth 1991, error denied). Likewise, the right to trial by jury protected by TEX. CONST. art. I, § 15 is not infringed in the absence of a recognized cause of action. *See Garza–Vale v. Kwiecien*, 796 S.W.2d 500 (Tex.App.—San Antonio 1990, writ denied).

■ Appellants argue that no other forum exists to which appellants may appeal for recompense for their injuries. Common law does not provide redress against a corporation which has ceased to exist. *Hunter*, 620 S.W.2d at 549–50. Appellants acknowledge that the "trust fund theory" expressed in article 7.12 is not available to them, but claim appellee must show some manner of recompense exists for parties in this situation. However, the open courts doctrine does not create new rights but only protects those rights which exist at common law. Such rights are not available here.

■ During oral argument, appellants cited language from TEX.BUS.CORP.ACT ANN. art. 6.07(B) (Vernon 1980) "the existence of the corporation shall cease, except for the purposes of suits" for the proposition that a corporation may be sued after it is dissolved.[1] However, the sentence concludes "as provided by the laws of this State." Rather than create a right, article 6.07 merely acknowledges survival actions such as those provided by article 7.12. Under Texas law, no cause of action exists against a dissolved corporation. Points of error one through three are overruled.

Point of error four avers "[t]he trial court erred in granting summary judgment in favor of Appellee because Appellee's defense in this case is provided pursuant to a liability insurance policy that pays both for defense and liability costs making a party other than Appellee the real party in interest and defeating all rationales for application of Article 7.12 of the Texas Business Corporation Act." The point is without merit for a variety of reasons well established by the law of this State. Suffice it to say that appellee's insurer was not a party to the action before the trial court, and cannot be liable for a claim for which its insured was not liable. *See Suarez*, 697 S.W.2d at 21. Point of error four is overruled and the judgment affirmed.

AFFIRMED.

BROOKSHIRE, Justice, concurring.

I agree with the reasoning of the majority in affirming the judgment. I concur with the majority that TEX.BUS.CORP.ACT ANN. art. 7.12 (Vernon Supp.1991) was not intended to create a new right to recovery. For this Court to agree with appellants in extending the purpose of this Act to situations which were not intended would usurp

1. Appellants raise this argument in a fifth point of error added by a post-submission brief. Appellants did not file a written motion to add a fifth point of error. The additional point of error is not before the court. We will address the argument raised on oral submission of the cause under the points of error before the court.

the duties and prerogatives of the legislature. I opine that Courts are to interpret the law and leave the making of law to the legislature. On this rationale, I concur with the majority.