Mary Alice **FULLER**, et al., Appellants,

v.

**MAXUS ENERGY CORPORATION,** et al., Appellees.

No. 10–91–239–CV.

Court of Appeals of Texas, Waco.

Oct. 21, 1992.

Warren Heagy, Odessa, Robert M. Campbell, Harold Nix & Associates, Daingerfield, for appellants.

William R. Crow, Jr., Ball & Weed, San Antonio, for appellees.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

This is an appeal from a summary judgment. We will affirm the judgment.

The summary judgment record reflects that on the evening of June 15, 1988, Terry Nishimuta, an eighteen-year-old Fort Hood soldier, purchased a quart of beer at a Diamond Shamrock station in Waco. The store clerk did not require any identification from the underaged Nishimuta. Several hours later, while Nishimuta was returning to Fort Hood, his vehicle struck and killed Sergeant Edward Fuller and Private Ernest Zachary. The soldiers' parents brought wrongful-death suits against several corporate entities and the manager of the store.

Appellants alleged causes of action for common law negligence and negligence per se for violation of section 106.03(a) of the Alcoholic Beverage Code, which provides:

A person commits an offense if with criminal negligence he sells an alcoholic beverage to a minor.

TEX.ALCO.BEV.CODE ANN. § 106.03(a) (Vernon Supp.1992). A minor is defined as a person under twenty-one years of age. *Id.* § 106.01.

Appellees moved for a summary judgment on the ground that Chapter 2 of the Alcoholic Beverage Code—commonly known as the "dram shop act"—provides the exclusive cause of action for damages based on a sale of an alcoholic beverage to a person eighteen years of age or older. *See id.* §§ 2.01–2.03. The exclusive remedy of Chapter 2 is "in lieu of common law or other statutory warranties...." *Id.* § 2.03.

Section 2.02 of the Code provides a cause of action against a provider of alcoholic beverages when "it is *apparent* to the provider that the individual being sold, served, or provided with an alcoholic beverage was *obviously intoxicated* to the extent that he presented a *clear danger* to himself and others; and the intoxication of the recipient of the alcoholic beverage was a *proximate cause* of the damages suffered." *Id.* § 2.02(b) (emphasis added). Appellees presented Nishimuta's deposition testimony as summary-judgment proof that he was eighteen and not intoxicated when he purchased the quart of beer. Nishimuta testified that he had consumed no alcoholic beverages before purchasing the beer and was completely sober at the time of the sale. Because Nishimuta was not "obviously intoxicated" as required by section 2.02(b)(1), Appellees moved for a judgment as a matter of law, which the court granted.

Appellants appeal on six points, alleging the court erred in granting the summary judgment because: its interpretation of the Alcoholic Beverage Code was incorrect, arbitrary, and capricious; they were denied their common-law cause of action; they were denied due process and equal protection under state and federal law; and they were denied protection under the Texas "open courts" provision.

In points one through three, Appellants argue that the court's interpretation of Chapter 2 of the Alcoholic Beverage Code is incorrect, arbitrary and unreasonable, and denies them their common-law cause of action guaranteed by section 5.001 of the Civil Practice and Remedies Code. Appellees moved for summary judgment on the ground that Chapter 2 of the Alcoholic Beverage Code establishes the exclusive remedy for providing alcohol to any person eighteen years of age or older. Section 2.03 states:

**Statutory Remedy**

The liability of providers under this chapter for the actions of their customers, members, or guests who are or become intoxicated *is in lieu of common law or other statutory law warranties and duties* of providers of alcoholic beverages. This chapter does not impose obligations on a provider of alcoholic beverages other than those expressly stated in this chapter. This chapter provides the *exclusive cause of action* for providing

an alcoholic beverage to a person *18 years of age* or older.

*Id.* § 2.03 (emphasis added). In contrast, section 106.03(a) prohibits the criminally negligent sale of alcoholic beverages to a minor—defined as a person under the age of twenty one. *Id.* § 106.03(a).

The Austin Court of Appeals, in a case arising from a sale of alcoholic beverages to an eighteen-year-old, held that an action under section 106.03(a) is barred because Chapter 2 creates the exclusive remedy for providing alcoholic beverages to a person eighteen years of age or older.

> We may not ignore the Legislature's express statement that *chapter 2 is the exclusive cause of action* for providing alcoholic beverages to a person eighteen years of age or older and that it is *in lieu of any other statutory or common law duty* of providers. Thus, we hold that chapter 2 means what it says and that it sets forth the exclusive cause of action for providing alcohol to a person eighteen years of age and older.

*Boyd v. Fuel Distributors, Inc.,* 795 S.W.2d 266, 273 (Tex.App.—Austin 1990, writ denied) (emphasis added).

Appellants' rely on *El Chico Corp. v. Poole,* 732 S.W.2d 306 (Tex.1987) and *Chapa v. Club Corp. of America,* 737 S.W.2d 427 (Tex.App.—Austin 1987, no writ) for the proposition that a common-law cause of action for negligence exists separately from the remedy under chapter 2. As noted in *Boyd,* both *El Chico* and *Chapa* were decided prior to the enactment of chapter 2. *Boyd,* 795 S.W.2d at 273. The Texas Supreme Court in *El Chico* recognized the duty of an alcoholic beverage licensee—based on common law negligence principles and a violation of section 101.63(a) of the Alcoholic Beverage Code—not to serve alcoholic beverages to a person when the licensee knows or should know that the patron is intoxicated. *El Chico,* 732 S.W.2d at 314. The Court further recognized that the Legislature, the very week *El Chico* was determined, enacted the dram shop act creating a civil remedy for persons injured by a licensee's intoxicated patron:

> The legislature amended the Alcoholic Beverage Code to include a civil cause of action against an alcoholic beverage licensee when "at the time ... [of service] ... it was *apparent* to the provider that the individual being ... served ... was *obviously* intoxicated to the extent he presented a *clear danger* to himself and others." Act of June 1, 1987; § 3 (to be codified at TEX.ALCO.BEV.CODE ANN. § 2.02) (emphasis added). The legislature appears to have created a much more onerous burden of proof for an injured plaintiff than we have in this opinion.

*Id.*

Appellants urge us to ignore *Boyd* and instead follow the reasoning of the San Antonio court in *Beard v. Graff,* 801 S.W.2d 158 (Tex.App.—San Antonio 1990, writ granted). On an *en banc* rehearing, the majority in *Beard* recognized a common-law negligence action when a social host has the exclusive control of the alcohol supply and knowingly serves a guest whom the host knows to be intoxicated and whom the host also knows will be operating a motor vehicle. *Id.* at 163. Three justices filed separate dissenting opinions.

■ Section 2.03 sets out the legislature's clear intent that the dram shop act be the exclusive remedy for the sale of alcohol to persons eighteen years or older, in lieu of any other statutory or common law duty. TEX.ALCO.BEV.CODE ANN. § 2.03. We believe, as does the Austin court, that Chapter 2 of the Code is the exclusive remedy for damages for providing alcohol to a person eighteen years of age or older. *See id.; Boyd,* 795 S.W.2d at 273. We overrule points one through three.

Appellants argue that they have a common-law cause of action against Appellees based on section 106.03 for sale of alcoholic beverages to a person under twenty-one years of age. Appellants argue that a holding that the dram shop act is the exclusive remedy for sale of alcohol to persons eighteen years of age or older will deprive them of their common-law cause of action in violation of the Texas Open Courts doctrine, due process and equal protection. *See* U.S. CONST. amend. XIV; TEX. CONST. art. 1, §§ 3, 13.

■ Legislation violates the "open courts" provision of article 1, section 13, and is a denial of due process if its effect is to unreasonably abrogate a recognized right of recovery without substituting other reasonable remedies. *Weibel v. Martin Industries*, 806 S.W.2d 345, 346 (Tex. App.—Fort Worth 1991, writ denied). The right to bring a well-established common-law cause of action cannot be abrogated by the legislature absent a showing that the legislative basis for the statute outweighs the denial of a constitutionally guaranteed right of redress. *Sax v. Votteler*, 648 S.W.2d 661, 665–66 (Tex.1983). Appellants must show that a cognizable common-law cause of action is being restricted and that the restriction, balanced against the purpose of the statute, is unreasonable or arbitrary. *See id.* at 666.

■ We will assume, without deciding, that Appellants have a common-law cause of action against Appellees for sale of alcoholic beverages to a "minor"—defined by the Alcoholic Beverage Code as a person under the age of twenty-one. The question then becomes: Did the legislature, in enacting the dram shop act as the exclusive remedy for sale of alcohol to persons eighteen and older, unreasonably abrogate Appellants' right of redress? *See Weibel*, 806 S.W.2d at 346. Appellants argue that section 2.03 unreasonably and arbitrarily denies them the right to recover when a provider sells alcohol to an eighteen-, nineteen-, or twenty-year-old "minor" in violation of section 106.03.

We note, as did the Austin court in *Boyd*, that with respect to administration of alcohol laws the legislature has seen fit to regulate the conduct and protect the interests of older minors differently from younger ones. *See Boyd*, 795 S.W.2d at 275. In 1973, the legal age of majority was set at eighteen for many purposes, including the legal drinking age under the Alcoholic Beverage Code. *Id.* In 1981, the legal drinking age was raised to nineteen, and in 1985 the age was raised again to twenty-one. The latter act was taken for the express purpose of avoiding a cut-off of federal highway maintenance funds. *Id.*

■ The age of majority, except as provided by the Alcoholic Beverage Code, is eighteen. TEX.CIV.PRAC. & REM.CODE ANN. § 129.001 (Vernon Supp.1992). An eighteen-year-old can marry, vote, contract, and go to war. Parents are not liable for the actions of a child eighteen years of age or older. TEX.FAM.CODE ANN. § 33.01 (Vernon 1986). In every respect, except under section 106.03 of the Alcoholic Beverage Code, an eighteen-year-old is by law an adult—presumably capable of making adult decisions. Thus, treating eighteen-, nineteen-, and twenty-year-olds the same as other adults for liquor liability purposes is not arbitrary and unreasonable.

Appellants argue that they are within a class of individuals that the legislature is seeking to protect from the consequences of minors' purchases of alcoholic beverages, citing *Evans v. Joleemo, Inc.*, 714 S.W.2d 394 (Tex.App.—Corpus Christi 1985), *aff'd sub nom, El Chico v. Poole*, 732 S.W.2d 306 (Tex.1987). Because they are within the class to be protected, Appellants contend that they should have the same right to bring suit against a seller of alcohol to an eighteen-year-old as they would against one who sells to a seventeen-year-old. Appellants argue, without citing any authority, that their inability to sue the latter is an "obvious violation" of the equal protection clauses of the United States and Texas Constitutions.

■ A strong presumption exists that a valid legislative enactment is constitutional. *Vinson v. Burgess*, 773 S.W.2d 263, 266 (Tex.1989). The burden to prove otherwise is on the party attacking the constitutionality of the enactment. *Texas Public Building Authority v. Mattox*, 686 S.W.2d 924, 927 (Tex.1985). Equal protection mandates similar treatment under the law for those who are similarly situated. *Cf. Peyote Way Church of God, Inc. v. Thornburgh*, 922 F.2d 1210, 1214 (5th Cir.1991). Appellants fail to show how they are being treated differently than any other person similarly situated. Appellants fail to overcome the presumption that the dram shop act is unconstitutional. *See Texas Public Building Authority*, 686 S.W.2d at 927. We overrule points four through six.

Appellants are not without a remedy. The dram shop act does not affect their right to bring a common-law cause of action against Nishimuta. *See* TEX. ALCO.BEV.CODE ANN. § 2.01. However, they cannot prevail against the provider of the alcohol unless they can prove that it was apparent to the provider that Nishimuta was obviously intoxicated at the time of the sale, was a clear danger to himself and others, and that his intoxication proximately caused Appellants' damages. *See id.* § 2.02(b).

 When a defendant moves for summary judgment without asserting an affirmative defense, it must disprove as a matter of law one or more of the elements essential to the plaintiff's cause of action. *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex.1991). In deciding whether there is a disputed material fact issue, we will take as true all evidence favorable to the non-movant and will resolve any doubt and make every reasonable inference in favor of the non-movant. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

Chapter 2 of the Alcoholic Beverage Code creates the exclusive remedy for providing alcoholic beverages to a person eighteen years of age or older. TEX. ALCO.BEV.CODE ANN. § 2.03; *Boyd*, 795 S.W.2d at 273. Liability may be imposed upon the provider only if it is shown that (1) at the time of the sale it was apparent to the provider that the individual being sold the alcoholic beverage was obviously intoxicated to the extent that he presented a clear danger to himself and others; and (2) the intoxication of the recipient of the alcoholic beverage was the proximate cause of the damages suffered. *Id.* § 2.02(b). Appellees moved for summary judgment on the grounds that Nishimuta was over the age of eighteen and was not intoxicated at the time of the sale. Attached to the summary judgment motion was Nishimuta's deposition testimony that he was sober and had consumed no alcoholic beverages before the purchase in question. Appellants, in their response to the motion for summary judgment, did not dispute Nishimuta's testimony. Instead, they made the same arguments that they have made on

appeal—*i.e.*, arbitrary and unreasonable interpretation, denial of due process and equal protection, violation of the open-courts doctrine. We have overruled these grounds.

The undisputed summary judgment evidence conclusively established that no genuine issue of material fact exists as to at least one element of each of the Appellants' causes of action—obvious intoxication. Because there is no genuine issue of fact as to the element of intoxication, Appellees were entitled to judgment as a matter of law. *See Anderson*, 808 S.W.2d at 55.

We affirm the judgment.