David ASKANASE, Trustee and Fitness Corporation of America, Plaintiffs,

v.

Tom J. FATJO, Jr., et al., Defendants.

Civ. A. No. H–91–3140.

United States District Court,
S.D. Texas.

June 23, 1993.

Rhett G. Campbell, Morris & Campbell, Houston, TX, for plaintiffs.

Robert L. Ketchand, Short & Ketchand, Houston, TX, Timothy R. McCormick, Thompson & Knight, Dallas, TX, Edmund Lee Haag, III, Fulbright & Jaworski, John Wesley Wauson, Wauson & Associates, Susan J. Brandt, Thelan, Marrin, Johnson & Bridges, Houston, TX, Richard W. McLaren, Jr., Ernst & Young, Associate Gen. Counsel, Cleveland, OH, Morton Lee Susman, Weil, Gotshal & Manges, Frank G. Jones, Fulbright & Jaworski, Houston, TX, Jay J. Madrid, Winstead, Sechrest & Minick, Dallas, TX, Edmund Lee, Fulbright & Jaworski, Houston, TX, Ronald J. Restrepo, Houston, TX, Pauline Ng Lee, Thelen, Marrin, Johnson & Bridges, Houston, TX, Albert Solochek, Andrew N. Herbach, Howard, Solochek & Weber, Milwaukee, WI, Jerry P. Jones, Dallas, TX, Lucy P. Seward, Golden & Associates, Houston, TX, for defendants.

Phyllis J. Cohen, Woodard, Hall & Primm, Houston, TX, for third-party defendant Kemper Securities Inc.

### ORDER OF ADOPTION

HITTNER, District Judge.

The Court has reviewed the Memorandum and Recommendation of the United States Magistrate Judge signed on April 5, 1993 regarding Defendant Fitness Investments (Texas), Inc.'s Motion to Dismiss. The Court finds the Memorandum and Recommendation should be, and the same is hereby, adopted

as the Court's Memorandum and Order. Accordingly, it is

ORDERED that Defendant's Motion to Dismiss (Docket Entry # 201) is DENIED as moot.

## MEMORANDUM AND RECOMMENDATION

CRONE, United States Magistrate Judge.

Pending before the court is Defendant Fitness Investments (Texas), Inc.'s ("Fitness Texas") Motion to Dismiss (Docket Entry # 201), Memorandum of Law in Support of Defendant's Motion (Docket Entry # 202), Plaintiffs' Response and Opposition (Docket Entry # 255) and Defendant's Reply (Docket Entry # 278). After considering the motion, the response and the supporting authority cited by the parties, this court RECOMMENDS that defendant's motion be GRANTED.

### I. *Background.*

Plaintiff Askanase is the Chapter 7 Trustee of LivingWell, Inc., LivingWell (North), Inc., LivingWell (South), Inc., and Living-Well (Midwest), Inc., each of which is a debtor in bankruptcy proceedings pending in the Southern District of Texas. Plaintiff Fitness Corporation of America, ("FCA") is a wholly-owned subsidiary of LivingWell, Inc., but is not formally in bankruptcy. Askanase, as the trustee of LivingWell, Inc., is the sole shareholder of FCA, and is entitled to bring this suit on FCA's behalf. The instant action is brought by Askanase on behalf of the LivingWell entities and FCA against former insiders, officers, and directors seeking damages for injuries to the companies and recovery of monies received while the companies were insolvent. Askanase also seeks to recover for, or to avoid, allegedly fraudulent transfers made to certain defendants.

With respect to Defendant Fitness Texas, Askanase and FCA allege that from its formation in October 1984, through its dissolution in April 1986, Fitness Texas was part of a group of companies under the common control and ownership of Ahmed Mannai ("Mannai"). Through these companies, plaintiffs allege that Mannai controlled his

shares of stock in LivingWell, Inc. and Houstonian, Inc. by causing Peter M. Jackson and Michael Milner, Mannai's authorized and designated agents of Fitness Texas, to serve on the board of directors of LivingWell, Inc. During this period of time, plaintiffs assert that wrongful transfers were made to certain directors.

Plaintiffs filed their original complaint on October 25, 1991. Fitness Texas filed its original motion to dismiss and supporting brief on January 10, 1992. On July 14, 1992, Judge Hittner granted plaintiffs' request to file an amended complaint and denied the defendant's motion to dismiss without prejudice to refiling. Plaintiffs filed their amended complaint on August 31, 1992, and on October 19, 1992, the defendant lodged the present motion re-urging and incorporating the provisions of their original motion. Specifically, the defendant seeks dismissal of the claims asserted against it in the amended complaint under the provisions of Fed. R.Civ.P. 9(a)—lack of capacity and 12(b)(2)—lack of personal jurisdiction. The defendant also seeks to join in defendants HFund, Inc., et al.'s Rule 9, 12(e), and 12(b)(6) motion to dismiss if this court denies defendant Fitness Texas' Rule 9(a) and 12(b)(2) motion to dismiss. Plaintiffs oppose defendants' motion in all respects.

### II. *Analysis.*

Defendant Fitness Texas was a corporation organized under the laws of Texas and dissolved on April 30, 1986, more than three years prior to the filing of this suit. Under Fed.R.Civ.P. 17(b), the capacity of a corporation to sue or be sued is determined by the law under which it was organized. The dissolution of a corporation was, at common law, the death of the corporation, which abated all pending actions by and against the corporation. *See Melrose Distillers, Inc. v. United States,* 359 U.S. 271, 273, 79 S.Ct. 763, 765, 3 L.Ed.2d 800 (1959); *Lyon–Gray Lumber Co. v. Gibraltar Life Ins. Co.,* 269 S.W. 80 (Tex.Comm.App.1925). This principle was modified by Article 7.12 of the Texas Business Corporation Act. The version of Art. 7.12 in effect at the time the instant suit was filed provided that a claim against a

dissolved corporation, existing at the time of dissolution, was abated unless an action on the claim was brought within three years after dissolution. Tex.Bus.Corp.Act Ann. art. 7.12 (Vernon Supp.1991). The current Art. 7.12 also makes clear, as reflected in prior case law, that a dissolved corporation cannot be held liable for any claim arising after the date of dissolution, except under limited circumstances not applicable here. Tex.Bus.Corp.Act Ann. art. 7.12 (Vernon Supp.1992).[1] Relying on Art. 7.12, Fitness Texas asserts that there is no entity over which this court may exercise jurisdiction and that any claims asserted against it have been extinguished and cannot be maintained.

Plaintiffs contend that defendant Mannai or his agents caused Fitness Texas to be dissolved in 1986 and, therefore, they should not be entitled to insulate themselves from liability for their wrongful conduct by pleading Art. 7.12. Plaintiffs, however, do not bring suit against any of the defendants as officers, directors or shareholders of Fitness Texas, but make their allegations against Fitness Texas as a dissolved corporation. Plaintiffs are seeking to recover monies from Fitness Texas and allege that Fitness Texas is at least vicariously liable for wrongful payments made by LivingWell and approved by Milner, as its officer and director. These payments were made during the twelve months ending December 31, 1986, in the amount of $850,458.24 and during the twelve months ending December 31, 1987, in the amount of $133,633.00. Plaintiffs are also seeking to recover the "value of improper dividends received from LivingWell, and/or the value of property received in exchange for redemption of LivingWell stock owned by Mannai and the Mannai defendants," which occurred as a result of a transaction entered on March 31, 1988.

The seminal case interpreting and applying Article 7.12 of the Texas Business and Corporation Act is *Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 551 (Tex. 1981). In *Hunter,* the plaintiff sued a corporation's former shareholders on a product liability claim that arose eleven years after the corporation was dissolved. The Court held that the claims were barred by Art. 7.12 because the dissolution occurred eleven years before the injury. The Texas Supreme Court stated that the three-year period established in Art. 7.12 allowed only for the survival of pre-dissolution claims and that post-dissolution claims were barred altogether. The reasoning in *Hunter* was followed in two recent Texas appellate decisions, *Anderson v. Hodge Boats & Motors, Inc.,* 814 S.W.2d 894, 896 (Tex.App.—Beaumont 1991, writ denied) and *Weibel v. Martin Indus. Inc.,* 806 S.W.2d 345, 346 (Tex.App.— Fort Worth 1991, writ denied). In *Weibel,* the court confirmed that "[t]he right to hold a dissolved corporation liable for a post-dissolution claim has never been recognized in Texas, and no statutory grant of such relief has ever existed or become an accustomed right under Texas law." 806 S.W.2d at 346. The court in *Anderson* expressly recognized that "[a]rticle 7.12 is a survival statute which provides for *exclusive* means whereby an injured party may assert a claim after the dissolved operation has ceased to exist for other purposes." 814 S.W.2d at 896 (emphasis added). Therefore, under Texas law, if a claim against a dissolved corporation does not fit within the parameters of Art. 7.12, it simply is not cognizable.

Plaintiffs, however, argue that there is a judicially crafted exception to Art. 7.12, which limits its application to those companies dissolved for a legitimate purpose and not when dissolved to defraud creditors. This judicially crafted exception, according to plaintiffs, is contained in footnote 7 in *Hunter,* which states:

> We note that there are no allegations or indication that the dissolution of H.H. Hunter Corporation constituted a fraud on creditors or other litigants. From the limited record before us, it appears the dissolution was accomplished for a legitimate purpose and in accordance with statutory requirements.

Clearly, the observation made by the court in footnote 7 is merely dictum. The court does not indicate if or how its decision would have

---

1. In 1986, at the time of dissolution, Art. 7.12 allowed post-dissolution claims against dissolved corporations, but only if brought within the three-year period following dissolution.

differed if it had found the dissolution to have constituted a fraud on the creditors or other litigants. Aside from this oblique reference, plaintiffs fail to support their contention with citations to case law or any other authority; nor has this court found authority to support plaintiff's "judicially crafted exception." In fact, more recent authority merely reaffirms that Art. 7.12 is the exclusive means by which an aggrieved party may obtain redress from a dissolved corporation. *See Anderson,* 814 S.W.2d at 346.

■ Plaintiffs also urge this court to apply the doctrine of equitable tolling because defendants allegedly fraudulently concealed their actions in dissolving Fitness Texas. Plaintiffs, however, in their original response to defendant's motion to dismiss dated February 14, 1992, admit that they have not conducted adequate discovery to establish the alleged manner in which Fitness Texas fraudulently concealed their conduct. Moreover, plaintiffs do not allege any facts to establish defendants' purported fraudulent concealment in their instant response and, instead, reurge their previous motion admitting their lack of knowledge. Both estoppel and fraudulent concealment are affirmative defenses under which the plaintiffs have the burden of proof. *Weaver v. Witt,* 561 S.W.2d 792, 793 (Tex.1977) (fraudulent concealment); *Nichols v. Smith,* 507 S.W.2d 518, 520 (Tex. 1974) (fraudulent concealment); *"Moore" Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934, 936 (Tex.1972) (estoppel). Because plaintiffs have not articulated any justification for tolling, the provisions of Art. 7.12 remain a bar to their action.

Moreover, this court finds the authority cited by plaintiffs to support their equitable tolling argument not to be persuasive. The cases advanced by plaintiffs involve the tolling of limitations for traditional tort and contract claims, not the tolling of Art. 7.12's three-year survival period. Furthermore, the concept of equitable tolling was addressed by the Texas Supreme Court in *Hunter.* In *Hunter,* the plaintiff attempted to toll the survival period for a post-dissolution claim by invoking the equitable "trust fund theory," which provides that when the assets of a dissolved corporation are distributed among its shareholders, a creditor of the dissolved corporation may pursue the assets because, in equity, they are burdened with a lien in his favor. The court held that the effect of Art. 7.12 was to supplant the equitable trust fund theory by declaring a statutory equivalent. Thus, the court found that Art. 7.12 expressed a legislative policy to restrict the use of the trust fund theory to pre-dissolution claims and only to the extent permitted by the statute, thereby protecting shareholders, officers and directors of a dissolved corporation from prolonged and uncertain liability. *Hunter,* 620 S.W.2d at 551. Plaintiffs' reliance on authority involving the piercing of the corporate veil is similarly misplaced. Disregarding corporate formalities in order to place liability on officers and directors involves considerations different from disregarding a statutory bar.

■ Therefore, to the extent plaintiffs seek to recover monies involved in transactions which occurred pre-dissolution, they must have brought suit by April 30, 1989, three years after Fitness Texas dissolved. Because plaintiffs instituted this suit in October 1991, two years after the survival period expired, any pre-dissolution claims are barred. Furthermore, to the extent Plaintiffs seek to recover monies from transactions occurring post-dissolution, they were barred by Art. 7.12 at the outset. Accordingly, defendant's motion to dismiss is well-founded.

### III. *Conclusion.*

Due to the untimeliness of the claims asserted against Defendant Fitness Texas, a dissolved corporation, this court RECOMMENDS that defendant's motion be GRANTED and that plaintiff's claims against Fitness Texas be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties. Under Fed.R.Civ.P. 72, the parties have ten days from receipt to file specific, written objections to the Memorandum and Recommendation. Failure to file objections bars an attack on the factual findings on appeal. The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Hous-

ton, Texas 77208–1010. Copies of the objections must be mailed to the opposing parties and to the chambers of the magistrate judge, P.O. Box 610070, Houston, Texas 77208.

SIGNED on April 5, 1993, at Houston, Texas.