39 F.3d 1192
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sean P. JOHNSON, as Personal Representative for the Estates
of Terry Keith Johnson and Opal Arnetta Johnson, deceased;
Sean P. Johnson, as Next Friend for Terri Katy Johnson, a
minor, Plaintiffs-Appellants,
v.
Michael YATES, Dustin Hale, Defendant-Appellees.
 No. 94-6041.
 United States Court of Appeals, Tenth Circuit.
 Nov. 2, 1994.
 
 1
 Before MOORE and ANDERSON, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiffs-appellants appeal the district court's order granting summary judgment in favor of defendants based on Texas state law in this diversity action arising from an automobile collision. The district court held that under Oklahoma's conflict of laws rules, Texas substantive law applied, and under Texas law, plaintiffs could not state a viable claim against defendants.
 
 
 4
 The basic facts are not in dispute. On June 29, 1990, in Hartley County, Texas, Terry Keith Johnson and Opal Arnetta Johnson were killed, and Terri Kay Johnson was injured, when the vehicle in which they were riding was struck head-on by a pickup driven by Gary Dean Roberts. At the time of the collision, Roberts was intoxicated. He was subsequently convicted of criminally negligent homicide. Plaintiffs pursued a separate civil claim for damages against Roberts in a Texas federal court.
 
 
 5
 Defendants Michael Yates and Dustin Hale were passengers in the Roberts pickup. Prior to embarking on a vacation trip from Oklahoma to New Mexico, the three men purchased beer to drink while driving. The first beer purchase was made in Texhoma, Oklahoma, near the Oklahoma-Texas state line; an additional purchase was made in Dalhart, Texas. The victims in the Johnson vehicle were residents of New Mexico; Roberts, Yates and Hale were residents of Oklahoma. Plaintiffs brought this action against defendants Yates and Hale in the United States District Court for the Western District of Oklahoma, claiming liability based on defendants' negligence in furnishing beer to the driver, Roberts.[2]
 
 
 6
 We review de novo the district court's choice of law determinations. Mitchell v. State Farm Fire & Casualty Co., 902 F.2d 790, 792 (10th Cir.1990). "A federal court sitting in diversity must apply the choice-of-law rules of the state in which it sits." Mills v. State Farm Mut. Auto. Ins. Co., 827 F.2d 1418, 1420 (10th Cir.1987). Therefore, we apply Oklahoma conflicts rules to determine which state's law controls the question of defendants' liability. See id. We also review de novo the district court's entry of summary judgment, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law," Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991), but "we must view the record in a light most favorable to the part[y] opposing the motion for summary judgment," Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). We conduct a de novo review of the district court's determination of state law. Mares v. ConAgra Poultry Co., 971 F.2d 492, 495 (10th Cir.1992).
 
 
 7
 Under Oklahoma law, "the rights and liabilities of parties with respect to a particular issue in tort shall be determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties." Brickner v. Gooden, 525 P.2d 632, 637 (Okla.1974). The following factors adopted from the Restatement (Second) of Conflict of Laws (Restatement ) 145 (1971) are considered and evaluated:
 
 
 8
 "(1) the place where the injury occurred,
 
 
 9
 (2) the place where the conduct causing the injury occurred,
 
 
 10
 (3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
 
 
 11
 (4) the place where the relationship, if any, between the parties occurred." Brickner, 525 P.2d at 637.
 
 
 12
 In this case, plaintiffs argue for application of Oklahoma substantive law because (1) defendants and Roberts lived in Oklahoma, (2) the first package of beer was purchased in Oklahoma, (3) defendants and Roberts agreed while still in Oklahoma to drink beer while driving to New Mexico, and (4) defendants commenced their trip in Oklahoma, intending to return to Oklahoma. Plaintiffs contend their own choice of forum should influence the choice-of-law decision, citing Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507 (10th Cir.1990). In Sil-Flo, the plaintiff requested that the law of Texas be applied to his claims brought in an Oklahoma federal court. Id. at 1512. This court upheld the district court's conclusion that Oklahoma had the most significant contacts with the case, in part because the plaintiff had concurred in having Oklahoma law applied to other claims in the case. Id. Sil-Flo does not support plaintiffs' argument.
 
 
 13
 As plaintiffs correctly note, none of the applicable choice-of-law factors is controlling, and the factors must be evaluated according to the type of case involved. See Brickner, 525 P.2d at 637 (relevant factors are to be "evaluated according to their relative importance with respect to a particular issue"); Restatement 6 cmt. c (varying weights to be given to particular factor or group of factors). Consequently, in this negligence case, we conclude that Texas has the most significant relationship to the occurrence and the parties, as dictated by Oklahoma law adopting section 145 of the Restatement, for the following reasons: (1) The injury occurred in Texas. (2) The conduct causing the injury occurred in Texas. Although the first beer purchase was effected in Oklahoma near the Oklahoma-Texas border, the beer was primarily consumed in Texas. The second quantity of beer was purchased and consumed in Texas. In addition to the purchase and consumption of beer that contributed to the collision, conduct causing the injury also includes Roberts' reckless driving. (3) There was no preexisting relationship between the parties. (4) The fact that defendants and Roberts resided in Oklahoma does not prevail over the other criteria.
 
 
 14
 Furthermore, the general conflict of laws considerations articulated in section 6(2)(a) of the Restatement support our determination that Texas has the most significant relationship to the occurrence and the parties.[3] Plaintiffs argue that because Oklahoma has a greater interest than Texas in the issue of drunk drivers and underage drinking, Oklahoma's substantive law should apply. We are not persuaded. Texas has addressed both issues. The Texas legislature has enacted a dram shop act, Tex. Alco. Bev.Code Ann. 2.01-2.03, governing liability of commercial providers of liquor. Code section 2.03 provides a cause of action for damages based on supplying liquor to a person age eighteen or older. Fuller v. Maxus Energy Corp., 841 S.W.2d 881, 883-84 (Tex. Ct.App.1992). Moreover, the Texas Supreme Court has resolved the question of a social host's liability for serving alcohol. Graff v. Beard, 858 S.W.2d 918, 921 (Texas 1993). That Oklahoma law may be more favorable to plaintiffs, a proposition on which we express no opinion, does not direct the conclusion that Oklahoma has a greater interest than Texas in the determination of this tort claim.
 
 
 15
 Therefore, Texas substantive law controls. Texas law provides that even if a social host knows his intoxicated adult guest will be driving, the host has no common-law duty to avoid making alcohol available to the guest. Graff, 858 F.2d at 921-22. Graff places the responsibility on the drinker for his negligent acts. Id. at 922. Under Graff, even if defendants are characterized as social hosts of the driver,[4] defendants owed no common-law duty to those riding in the Johnson vehicle.
 
 
 16
 Plaintiffs claim defendants and the driver were all minors under age twenty-one at the time of the accident. Defendants claim that because they were over age eighteen, they were not minors. We will not require resolution of this factual issue given that plaintiffs do not claim that the driver was a minor who would not have had access to beer unless it had been provided by an adult. Cf. Graff, 858 S.W.2d at 919 n. 2 (distinguishing cases in which liability was imposed on adults for acts of intoxicated minors). Therefore, giving plaintiffs the benefit of the doubt, we assume defendants and the driver were all under age twenty-one. We perceive nothing in Graff's holding or rationale that would compel imposing liability on defendants based on the fact that they and the driver were under twenty-one years of age. Accordingly, the district court's grant of summary judgment to defendants was correct.
 
 
 17
 Defendants have filed a motion to file a surreply brief to correct plaintiffs' factual misstatements. We do not recognize an issue raised for the first time in a reply brief. Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1554 n. 6 (10th Cir. 1992). Misstatements of factual issues fall in the same category. Furthermore, the court has reviewed the appendices and is not in need of instruction on how to read them. Therefore, the motion to file a surreply brief is denied.
 
 
 18
 Plaintiffs' motion to certify the question to the Texas Supreme Court is also denied.
 
 
 19
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Plaintiffs have abandoned their claims based on aiding and abetting, joint venture, and conspiracy theories. See Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 n. 2 (10th Cir.1990)(issues not pursued on appeal deemed abandoned)
 
 
 [3]
 Where, as in Oklahoma, there is no statutory directive on choice of law, the following general considerations are relevant:
 (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied.
 Mills, 827 F.2d at 1421 & n. 4 (quoting Restatement 6(2)); accord Sil-Flo, Inc., 917 F.2d at 1512.
 
 
 [4]
 Defendants deny they were social hosts because the three men pooled their money; defendants did not provide beer to the driver, Roberts