T.C. Memo. 1996-448

UNITED STATES TAX COURT

PASADENA ENT CLINIC, P.A., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23236-94.                    Filed October 1, 1996.

<u>Afton Jane Izen</u>, for petitioner.

<u>Christina D. Moss</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned for disposition to
Special Trial Judge John F. Dean pursuant to section 7443A(b)(4)

and Rules 180, 181, and 183.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

DEAN, Special Trial Judge:  On March 24, 1995, respondent filed a motion to dismiss for lack of jurisdiction upon the ground that under Tax Court Rule 60(c) petitioner, Pasadena ENT Clinic, P.A. (ENT Clinic), lacks the legal capacity to engage in litigation before the Court.  Petitioner filed an opposition to respondent's motion on May 15, 1995.  The Court set a hearing on the motion at the September 5, 1995, Houston, Texas, trial session.  At the trial session, the parties appeared through counsel, argued the motion, and filed a stipulation of facts.

After the hearing on respondent's motion to dismiss, petitioner filed on November 1, 1995, a Motion to Reopen Record to Receive Additional Evidence, and on November 15, 1995, a Motion to Stay Proceedings.  Respondent filed objections to both motions and petitioner filed responses to each of respondent's objections.

Background

For calendar years 1990 and 1991, ENT Clinic filed Forms 1120, U.S. Corporation Income Tax Return.  On September 16, 1994,

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended.  All Rule references are to the Tax Court Rules of Practice and Procedure.

respondent mailed to petitioner a notice of deficiency in which she determined Federal income tax deficiencies in the amounts of $21,685 and $26,695 for 1990 and 1991, respectively, an addition to tax under section 6651(a)(1) for 1991 in the amount of $3,831, and penalties under section 6662(a) in the amounts of $5,388 and $5,108 for 1990 and 1991, respectively. Petitioner filed a petition for redetermination on December 15, 1994.

In her motion to dismiss respondent argues that 10 years before the petition was filed in this case, petitioner, a Texas professional association, was involuntarily dissolved for failure to file its annual statement. Thus, it is contended that petitioner is not a proper party to file a petition with the Court because it did not exist as a legal entity.

Petitioner's response is that the State of Texas has no power to dissolve a professional association. Even if the State has such power, petitioner argues, litigation of the corporate tax liability may be pursued in this Court by petitioner's sole shareholder for the benefit of the association.

We rely upon the pleadings, the stipulation of facts with attached exhibits, and status reports of the parties filed in this case in deciding respondent's motion as well as those of petitioner.

Petitioner was organized under the laws of Texas as a professional association on or about January 20, 1972. Its president and sole shareholder is Joe A. Izen, M.D. (Dr. Izen).

Through Dr. Izen, petitioner provides ear, nose, and throat medical services in a clinic located in Pasadena, Texas, its principal place of business.

The parties have attached as exhibits to the stipulation: (1) A copy of an order of involuntary dissolution of petitioner; and (2) a copy of a letter from the Texas Secretary of State to Dr. Izen dated December 17, 1984, declaring petitioner's involuntary dissolution due to its failure to file an annual statement for the year 1984 as required by section 21 of the Texas Professional Association Act, Tex. Civ. Stat. Ann. art. 1528f (West 1980).

## Discussion

Rule 60, Tax Court Rules of Practice and Procedure, provides that the capacity of a corporation to engage in litigation in this Court shall be determined by the law under which the corporation was organized. See, e.g., Brannon's of Shawnee, Inc. v. Commissioner, 71 T.C. 108, 111 (1978).

### Petitioner's Dissolution

Under the facts of this case, petitioner's corporate existence is governed by two separate but interrelated Texas statutes. Section 25 of the Texas Professional Association Act, Tex. Civ. Stat. Ann. art. 1528(f) (West 1980) provides that:

> The Texas Business Corporation Act shall be applicable to professional associations, except to the extent that the provisions of the Texas Business Corporation Act conflict with the provisions of this Act; and professional associations shall enjoy the powers and

privileges and be subject to the duties, restrictions and liabilities of business corporations except insofar as the same may be limited or enlarged by this Act. This Act shall take precedence in the event of any conflict with the provisions of the Texas Business Corporation Act or the law.

Under the authority of Tex. Bus. Corp. Act. Ann. art. 7.12 (West 1980), a corporation may be dissolved involuntarily by order of the Secretary of State when it is in default by failing to file "any report" within the time required by law. Petitioner essentially argues that its December 17, 1984, dissolution by the Secretary of State was illegal because there is a "conflict" between the provision of the Business Corporation Act, allowing the Secretary of State to act as he did, and the Professional Association Act, which contains no involuntary dissolution provision.

When two statutes are in pari materia, or cover the same subject matter, they should be construed so that their provisions are harmonized. United States v. Caldera-Herrera, 930 F.2d 409, 411 (5th Cir. 1991). Even if two statutes are in conflict to some degree, they must be read to give effect to each unless it is clear that the legislature intended to repeal the earlier statute. United States v. Cavada, 821 F.2d 1046, 1048 (5th Cir. 1987).

We find no conflict between the pertinent provisions of the two statutes. The Professional Association Act makes the general Business Corporation Act (that provides for involuntary

dissolution) applicable to professional associations unless there is a conflict between the Acts but does not itself mention involuntary dissolution.  If we follow petitioner's logic, any provision of Texas statutory law not mentioned in the Professional Association Act would be in "conflict" with it. This argument is specious.  There is no conflict between the Acts.  We think petitioner was lawfully dissolved on December 17, 1984.

Petitioner's Capacity Under "Survival" Statute

Petitioner argues that even if it was lawfully dissolved, its sole shareholder, Dr. Izen, may pursue litigation for its benefit in this Court because there is no time limit on the survival of this cause of action.  To the contrary, respondent argues that a corporation that has been dissolved under state law and files a petition beyond the statutory period for "winding up" its affairs has no capacity to prosecute an action in this Court, citing among other cases, Lee Enterprises, Inc. v Commissioner, T.C. Memo. 1992-629 (petition of Texas corporation dissolved more than three years dismissed).

Under article 7.12 of the Business Corporation Act, the dissolution of a corporation does not impair "any remedy available to or against such corporation, its officers, directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within three years after

the date of such dissolution." (Emphasis added.) The effect of this and its predecessor statute is to preserve remedies for pre-dissolution claims and liabilities only. Petitioner's liability for deficiencies in income tax for the years 1990 and 1991 arose only after the filing of the respective returns. See sec. 6901(b). The notice of deficiency issued by respondent therefore relates to post-dissolution liabilities.

In Hunter v. Fort Worth Capital Corp., 620 S.W.2d 547, 549-550 (Tex. 1981), the Supreme Court of Texas noted that, at common law, dissolution terminated the legal existence of a corporation. Once dissolved, a corporation could neither sue nor be sued, and all legal proceedings in which it was a party abated. The court considered the possibility that some principle of equity, separate and apart from article 7.12 and its predecessor, might keep alive a cause of action against a corporation for post-dissolution liabilities. The court found that the effect of the statutes enacted prior to the enactment of article 7.12 in 1955 was:

> to supplant the equitable trust theory by declaring a statutory equivalent. * * *
>     We find no indication that the legislature intended for Article 7.12 to be interpreted any differently. * * * Therefore Article 7.12 expresses a legislative policy to restrict the use of the trust fund theory to pre-dissolution claims. * * * [Id. at 550-551; fn. ref. omitted.]

Although its focus was on the "trust fund" doctrine,[2] we interpret the Hunter v. Fort Worth Capital Corp., supra, opinion to hold that article 7.12 is the sole legal authority for a dissolved Texas corporation to pursue claims or to defend against liabilities. See Anderson v. Hodge Boats & Motors, Inc., 814 S.W.2d 894, 896 (Tex. Ct. App. 1991); Weibel v. Martin Indus., Inc., 806 S.W.2d 345, 346 (Tex. Ct. App. 1991) (article 7.12 only provides for survival of any right or claim existing or any liability incurred before dissolution). The Federal income tax liabilities in this case are clearly post-dissolution liabilities that are outside the cited statutory authority and may not be litigated by petitioner.

Although petitioner was dissolved at the time, absent a notice to respondent of a fiduciary relationship under sections 6903 and 6212(b)(1), respondent was justified in issuing the notice directly to and in the name of petitioner. Sec. 6212(b)(1); Great Falls Bonding Agency, Inc. v. Commissioner, 63 T.C. 304 (1974); Comfort Home Builders, Inc. v. Commissioner, T.C. Memo. 1995-225.

Petitioner's Motions

---

[2]The trust fund doctrine is an equitable principle that contemplates that assets of a dissolved corporation are held in "trust" for the benefit of the creditors of the corporation. See In re MortgageAmerica Corp., 714 F.2d 1266 (5th Cir. 1983); Albert v. Commissioner, 56 T.C. 447 (1971).

We next address petitioner's motion to reopen the record. Petitioner asks the Court to reopen the record in the hearing on respondent's motion to allow it to introduce a copy of a letter to Dr. Izen from an attorney in the Office of the Secretary of State of Texas. The letter suggests that if certain measures were taken, the dissolution of petitioner would be set aside, and petitioner's existence would be reinstated as of December 17, 1984.

Not only does this document contain hearsay, but by obtaining the letter only after the hearing on the motion in this case, petitioner has not shown due diligence. See Haydon v. Commissioner, T.C. Memo. 1991-42. Further, as petitioner admits in its motion to stay proceedings (discussed below), there has been no reinstatement. Absent a retroactive reinstatement, admission of the proffered document would have no effect on the outcome of our decision on respondent's motion. For all the above reasons, we will deny petitioner's motion to reopen the record.

Petitioner moves in its most recent motion to, in effect, indefinitely continue consideration of respondent's motion until it can obtain a declaratory judgment against the State of Texas that it has a right to reinstatement of its charter for the period 1984 through 1995.

The decision to continue consideration of a motion lies in the sole discretion of the Court and will not be set aside absent

a clear showing of abuse of discretion.  <u>Manzoli v. Commissioner</u>, 904 F.2d 101, 103 (1st Cir. 1990), affg. T.C. Memo. 1988-299; <u>Aruba Bonair Curacao Trust Co. v. Commissioner</u>, 777 F.2d 38, 43 (D.C. Cir. 1985).  Only an "unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay" will be such an abuse of discretion.  <u>United States v. Torres</u>, 793 F.2d 436, 440 (1st Cir. 1986) (citing <u>Morris v. Slappy</u>, 461 U.S. 1, 11-12 (1983)).[3]

The parties, by order dated July 3, 1996, were requested to notify the Court of the status of petitioner's declaratory judgment action filed in the District Court of Travis County, Texas, in which retroactive corporate reinstatement was sought. We have been informed by the parties that petitioner's declaratory judgment action was dismissed for lack of jurisdiction.  Petitioner's status report advises the Court of its intention to move for a "new trial" or to appeal the decision of dismissal.

Based on the record, we see no reason to stay, continue, or further delay our consideration of respondent's motion. Therefore, we will deny petitioner's motion for a stay of proceedings.

_____

[3]The cases cite various factors that may be used in deciding the issue.  <u>Fowler v. Jones</u>, 899 F.2d 1088, 1094 (11th Cir. 1990); <u>United States v. 2.61 Acres of Land</u>, 791 F.2d 666, 670 (9th Cir. 1985); <u>United States v. Uptain</u>, 531 F.2d 1281, 1286 (5th Cir. 1976).

Conclusion

Having considered all of petitioner's arguments, we find them to be without merit.  We hold that petitioner lacked the capacity under Rule 60(c) to file a petition in this Court, and we will grant respondent's motion to dismiss for lack of jurisdiction.  See Condo v. Commissioner, 69 T.C. 149 (1977); Lee Enterprises, Inc. v. Commissioner, T.C. Memo. 1992-629.  The liabilities at issue here may be litigated on their merits in the event respondent should issue a notice of transferee liability to the appropriate person.  Sec. 6901; Great Falls Bonding Agency, Inc. v. Commissioner, supra at 307.

An order and order of dismissal will be entered.