Clara Maxine TANKERSLEY, Jack Tankersley, Julie Clara Flowers, Vivienne Tankersley Flowers, and Joni L. Flowers, Appellants

v.

NEW YORK BROTHERS INVESTMENTS, INC., New York Brothers Investments, Inc. d/b/a BK's Beverage, BK's Beverage, and Rajinder Sandju, Appellees.

No. 05-05-00649-CV.

Court of Appeals of Texas, Dallas.

June 26, 2006.

---

**2.** Appellant offered excuses that he was both fatigued and reaching for a chicken gizzard.

Randal Mathis, Mark M. Donheiser, Mathis and Donheiser, Dallas, for Appellants.

Dion Ramos, The Ramos Law Firm, Houston, for Appellees.

Before Justices WHITTINGTON, BRIDGES, and LANG–MIERS.

## OPINION

Opinion by Justice BRIDGES.

Clara Maxine Tankersley, Jack Tankersley, Julie Clara Flowers, Vivienne Tankersley Flowers, and Joni L. Flowers appeal the trial court's summary judgment dismissing their claims against New York Brothers Investments, Inc., New York Brothers Investments, Inc., d/b/a BK's Beverage, Bk's Beverage, and Rajinder Sandju. In a single issue, appellants argue sections 2.02 and 2.03 of the Texas Alcoholic Beverage Code violate their rights to restitution under Article I, section 30(a)(4) of the Texas Constitution. We affirm the trial court's summary judgment.

On June 6, 2003, Brian Helm purchased a six-pack of beer at appellees' store. At the time, Helm was twenty years old. Prior to purchasing the beer, Helm had not consumed any alcohol or other intoxicating substance that day. Helm later crashed his car into a car driven by Clara Tankersley. Tankersley had two fingers amputated as a result of the crash. Helm was arrested at the scene. Appellants sued appellees, alleging claims of negligence, negligence per se, and restitution. Appellees filed a motion for summary judgment, asserting chapter 2 of the Texas Alcoholic Beverage Code, commonly known as the Dram Shop Act, is appellants' sole remedy, and no violation of the Act occurred. The trial court granted appellees' motion, and this appeal followed.

In a single issue, appellants argue the trial court erred in granting appellees' motion for summary judgment because sections 2.02 and 2.03 of the Texas Alcoholic Beverage Code violate their rights to restitution under Article I, section 30(a)(4) of the Texas Constitution. Section 2.02 provides a cause of action against a provider of alcoholic beverages when "it was appar-

ent to the provider that the individual being sold, served, or provided with an alcoholic beverage was obviously intoxicated to the extent that he presented a clear danger to himself and others; and the intoxication of the recipient of the alcoholic beverage was a proximate cause of the damages suffered." TEX. ALCO. BEV.CODE ANN. § 2.02(b) (Vernon Supp.2005). The liability of providers under chapter 2 of the Code is in lieu of common law or other statutory law warranties and duties of providers of alcoholic beverages. *Id.* § 2.03(a). Chapter 2 of the Code provides the exclusive cause of action for providing an alcoholic beverage to a person 18 years of age or older. *Id.* § 2.03(c).

In reviewing the trial court's decision to grant summary judgment, we apply well-known standards. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Appellants concede in their brief that appellees are correct if, as asserted in appellees' motion for summary judgment, this case is governed by sections 2.02 and 2.03 of the Code because section 2.03 provides the exclusive remedy in this case. Nevertheless, appellants argue that section 106.03 of the Code makes the sale of alcohol to a minor a misdemeanor punishable by a fine and up to a year in prison, and "crime victim[s]" have a "right to restitution" under the Bill of Rights of the Texas Constitution. *See* TEX. ALCO. BEV.CODE ANN. § 106.03(c) (Vernon 1995); TEX. CONST. art I, § 30(a)(4). Because everything in the Bill of Rights "is excepted out of the general powers of government" and all laws contrary thereto shall be void, appellants argue, sections 2.02 and 2.03 of the Code are void to the extent they purport to limit appellants' right to restitution. *See* TEX. CONST. art. I, § 29.

 The Bill of Rights does not define the term "restitution" and is silent regarding from whom "restitution" is recoverable. TEX. CONST. art. I, § 30. A strong presumption exists that a valid legislative enactment is constitutional. *Vinson v. Burgess*, 773 S.W.2d 263, 266 (Tex. 1989). The party challenging the constitutionality of a statute bears the burden of demonstrating that the enactment fails to meet constitutional requirements. *Tex. Pub. Bldg. Auth. v. Mattox*, 686 S.W.2d 924, 927 (Tex.1985). Appellants cite no authority, and we have found none, requiring us to declare void the sole remedy provision of section 2.03 of the Code for any reason. Accordingly, we reject appellants' argument that sections 2.02 and 2.03 of the Code are rendered void to the extent they limit appellants' right of "restitution" under the Texas Constitution. *See Fuller v. Maxus Energy Corp.*, 841 S.W.2d 881, 884–85 (Tex.App.-Waco 1992, no writ) (rejecting argument that section 2.03 deprives claimants of common-law causes of action for negligence and negligence per se in violation of Texas Open Courts doctrine, due process, and equal protection).

Further, sections 2.02 and 2.03 do not leave appellants without a remedy; these sections do not affect their right to bring a cause of action against Helm. *See Fuller*, 841 S.W.2d at 886. However, appellants cannot prevail against appellees unless, "it was apparent to the provider that the individual being sold, served, or provided with an alcoholic beverage was obviously intoxicated to the extent that he presented a clear danger to himself and others; and the intoxication of the recipient of the alcoholic beverage was a proximate cause of the damages suffered." TEX. ALCO. BEV. CODE ANN. § 2.02(b) (Vernon Supp.2005). Appellants concede they cannot prevail against appellees in the summary judgment context by making this showing. Accordingly, the trial court correctly entered summary judgment in favor of appellees.

*See Nixon,* 690 S.W.2d at 548–49. We overrule appellants' sole issue.

We affirm the trial court's judgment.