Andrew Paul DANIEL, Appellant,

v.

Thomas L. REEDER, Pam Reeder, and Tyler Reeder, Appellees.

No. 09–99–027CV.

Court of Appeals of Texas, Beaumont.

April 6, 2000.

Nathan Reynolds, Jr., Port Arthur, for appellant.

Ernest W. Boyd, Jonathan C. Allen, Mehaffy & Weber, Beaumont, for appellees.

## OPINION

BURGESS, Justice.

Andrew Daniel filed a personal injury suit against Jeff Lawson, Thomas Reeder, Pam Reeder and Tyler Reeder. Tom and Pam Reeder were out of town the night of August 27, 1995, when their son, Tyler, hosted a party at which there was alcohol. Lawson, seventeen at that time, attended the party and became intoxicated. Daniel, who was eighteen, attended the party and at some point in the evening was struck and injured by Lawson. Daniel alleged battery, negligence, and gross negligence against Lawson and negligence, negligence per se, and gross negligence against the Reeders. Daniel claimed the Reeders were negligent in providing alcohol to a minor under the age of eighteen, namely Lawson. Daniel further claimed Tyler was negligent in aiding or encouraging the use of force against Daniel and in failing to warn him that Lawson was intoxicated.

The Reeders filed a motion for summary judgment that was granted by the trial court. Subsequently, Daniel's claims against Lawson were settled and final judgment was entered. Daniel appeals, challenging the summary judgment in two points of error. First, he claims the trial court erred in finding that Texas law imposes no duty on a social host towards a third party when that social host provides alcohol to a seventeen year-old minor guest. Second, he claims the trial court erred in finding there was no evidence Tyler Reeder knew that Jeff Lawson was intoxicated and that appellees were entitled to judgment as a matter of law.

The Reeders claimed to be entitled to summary judgment "because there are no genuine issues of material facts that:

- Tom and Pam Reeder were not in town at the time of the incident made the basis of this suit

- Tom and Pam Reeder did not serve or provide an [sic] alcohol to Jeff Lawson on the night of the incident made the basis of this suit.

- Tyler Reeder did not serve or provide any alcohol to Jeff Lawson on the night of the incident made the basis of this suit.

- Jeff Lawson provided his own beer on the night of the incident made the basis of this lawsuit.

- There is no evidence that Tyler Reeder encouraged the use of force against Plaintiff.

- There is no evidence Tyler Reeder had actual knowledge that Jeff Lawson was intoxicated and, as Plaintiff was a trespasser, Tyler Reeder had no duty to warn under the circumstances of this case."

The Reeders argued no duty existed because "Texas law does not recognize social host liability." They further argued Lawson provided his own alcohol and it was not provided by Tom and Pam Reeder or Tyler Reeder. The Reeders also claimed there was no evidence to support Daniel's allegations that Tyler was negligent for aiding or encouraging the use of force against Daniel and that Tyler had actual knowledge Lawson was intoxicated and failed to warn Daniel of this condition. *See* Tex.R. Civ. P. 166a(i).

We first note the trial court's order does not specify upon which of the several grounds summary judgment was granted. Therefore, if any of the grounds alleged in the Reeder's motion for summary judgment are meritorious, the summary judgment will be affirmed. *See Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995); *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989).

The parties focus on a letter from the trial court stating that "the Court does not believe that the logic employed in either the statute or the cases would allow a cause of action for social host liability against the minor defendant under the facts of this case." However, "findings of fact and conclusions of law have no place in a summary judgment proceeding." *Linwood v. NCNB Texas,* 885 S.W.2d 102, 103 (Tex.1994). An appellate court should not consider findings of fact and conclusions of law in connection with a summary judgment. *See IKB Indus. Ltd. v. Pro–Line Corp.,* 938 S.W.2d 440, 441 (Tex.1997). Therefore, we disregard the trial court's statements in the letter and determine only whether the movants met their summary judgment burden by establishing that no genuine issue of material fact exists and that they were entitled to judgment as a matter of law. *See* Tex.R. Civ. p. 166a(c); *Cate v. Dover Corp.,* 790 S.W.2d 559, 562 (Tex.1990).

The Texas Supreme Court has found there is no common-law duty for a social host to refrain from providing alcohol to a guest over the age of eighteen. *See Smith v. Merritt,* 940 S.W.2d 602, 605 (Tex.1997). *Smith* also found section 106.06(a) of the Texas Alcohol and Beverage Code does not create a social-host duty for providing alcohol to a person aged eighteen to twenty. *Id.* at 608; Tex. Alco. Bev.Code Ann.

§ 106.06(a) (Vernon 1995). *Smith* explicitly refrained from deciding the issue currently before this court: Is there a duty to third parties not to provide alcohol to guests under the age of 18? *See Smith*, 940 S.W.2d at 604, n. 1.

Daniel argues the Ryders were negligent per se because they violated section 106.06(a) by providing beer to the seventeen-year old Lawson. The Alcoholic Beverage Code prohibits the provision of alcohol to a minor by anyone other than the minor's parents, guardian, spouse, court-ordered custodian. TEX. ALCO. BEV.CODE ANN. § 106.06(b).

> Section 106.06 is not limited to the sale of alcohol to minors nor does it contemplate economic benefit on anyone's part. It does not require that the minor become intoxicated, nor does § 106.06 speak to the relationship, if any, between the minor and the one furnishing the alcohol, whether master-servant, social host-guest or friends. The statute simply prohibits anyone from furnishing liquor to any minor, the very limited exception being the minor's adult parent, spouse or legal custodian but even then only so long as that adult person 'is visibly present when the minor possesses or consumes' the alcohol. TEX. ALCO. BEV.CODE ANN. § 106.06(b) (1978). No other exceptions are provided by the code.

*Chapa v. Club Corp. of America*, 737 S.W.2d 427, 429–30 (Tex.App.—Austin 1987, no writ). Accordingly, section 106.06 applies in this case.

 "The unexcused violation of a penal statute constitutes negligence as a matter of law if such statute was designed to prevent injuries to a class of persons to which the injured party belongs." *Murray v. O & A Exp., Inc.*, 630 S.W.2d 633, 636 (Tex.1982) (citing *Missouri Pacific Ry. v. American Statesman*, 552 S.W.2d 99 (Tex.1977)). The Alcoholic Beverage Code was designed to protect the safety and welfare of the general public, as well as any specific class expressly described. *See El Chico Corp. v. Poole*, 732 S.W.2d 306, 312–13 (Tex.1987). Accordingly, we find Daniel, the injured person, is a member of the protected class.

We next determine whether to adopt the standard set by section 106.06 as the standard of care for purposes of civil liability.

> Negligence per se is a common-law doctrine in which a duty is imposed based on a standard of conduct created by a penal statute rather than on the reasonably prudent person test used in pure negligence claims. However, not every penal statute creates an appropriate standard of care for civil liability purposes; therefore, a court is not required to adopt the penal statute's standard. In determining whether a penal statute creates an appropriate standard of care, we may consider whether the adoption of such a standard would be inconsistent with legislative intent.

*Smith*, 940 S.W.2d at 607 (citations omitted).

In *Smith*, the court found section 106.06 does not create a negligence per se cause of action when a social host provides alcohol to a person eighteen years of age or older because the legislature manifested its intent that Chapter 2 of the Texas Alcohol and Beverage Code should serve as the sole basis of civil liability for serving alcohol to persons aged eighteen to twenty. *Id.* at 607–08; TEX. ALCO. BEV.CODE ANN. § 2.03 (Vernon 1995). Section 2.03 provides that Chapter 2 is "the exclusive cause of action for providing an alcoholic beverage to a person 18 years of age or older" and "is in lieu of common law or other statutory law warranties and duties of providers of alcoholic beverages." *Id.*[1] To hold that providing alcohol to a person aged eighteen to twenty in violation of section 106.06 establishes a negligence per se cause of action against a social host

---

1. The court rejected the argument that Chapter 2 does not preclude a negligence per se cause of action against a social host because it applies only to commercial providers.

would ignore the intent and policies of the legislature, the court concluded. *Id.*

The legislature's enactment of Chapter 2 is likewise informative of its intent where the person provided the alcohol is *under* eighteen years of age. In that situation, Chapter 2 is not the exclusive cause of action. Therefore, under Chapter 2, civil liability for alcohol providers is not in lieu of any negligence per se cause of action. *Id.* Unlike the legislation enacted for those aged eighteen to twenty, the legislature has not enacted a "bifurcated civil and criminal liability scheme" when the provider serves alcohol to a person under age eighteen. Thus, the adoption of a standard of care for civil liability based upon the penal statute is not inconsistent with legislative intent. *Id.* at 607–08; Tex. Alco. Bev.Code Ann. § 106.06(a).

▪ Accordingly, we hold a violation of Tex. Alco. Bev.Code Ann. § 106.06 by making available an alcoholic beverage to a minor under the age of eighteen gives rise to a claim for negligence as a matter of law.

Having so held, we next determine whether any of the Reeders violated the statute. Tex. Alco. Bev.Code Ann. § 106.06(a), provides it is an offense if a person "makes available an alcoholic beverage to a minor." Lawson was a minor, under the age of eighteen, at the time of the incident. The issue, therefore, is whether Tom, Pam or Tyler Reeder "provided" the alcohol, within the meaning of the statute.

While the party took place in the home of Tom and Pam Reeder, they were not present and there is no evidence they were aware Tyler would be hosting a party at their home. Tom and Pam Reeder did not authorize Tyler to host the party and they did not provide or make available the alcohol served at the party. The record reflects the beer consumed by Lawson was purchased by Taylor Chapman, at Lawson's request. According to Lawson, he and Taylor purchased the beer and took it to Tyler's house, where they placed it in coolers and the refrigerator.

▪ We find as a matter of law that Tom and Pam Reeder did not provide or make available any alcohol to Lawson within the meaning of section 106.06(a). As they did not violate section 106.06(a), we find the trial court properly granted summary judgment as to Tom Reeder and Pam Reeder.

▪ Regarding Tyler Reeder, the record establishes that Tyler did not purchase the alcohol himself. It further establishes that Lawson accompanied Chapman to purchase the beer and carried it into Tyler's house himself. However, Tyler hosted the party at which he knew alcohol would be available to minors. It is at least arguable, and therefore not established to the contrary as a matter of law, that by hosting the party Tyler made the alcohol available within the meaning of section 106.06(a). Therefore, there is a fact issue on whether Tyler violated the statute and the trial court could not have properly granted summary judgment on the basis that Lawson "provided" his own alcohol. Accordingly, we reverse the trial court's judgment as to Daniel's claims against Tyler Reeder for social host liability.

Regarding Daniel's claims that Tyler was also negligent for aiding and encouraging the use of force and failing to warn, Daniel's response to the motion for summary judgment only points to the following statement by Lawson, ". . . we were drinking. And he came over. We had told them all to leave, and he was still there. And I just decided to hit him." The record reflects that Lawson recognized the friends accompanying Daniel as members of a fraternity at Lamar University. A week before the party, some of them (the record does not establish whether Daniel was involved) pulled a friend of Lawson's out of a car and hit him. Another member of the group had previously assaulted Lawson. Lawson did not know if Daniel was a member of the fraternity but did know Daniel knew its members. Daniel claimed to be unaware of any conflict between the two groups. According to Dan-

iel, to his knowledge the prior problems played no part in the incident with Lawson.

■ Daniel argues that "[a]ccepting the evidence in a light most favorable to the nonmovant, Tyler Reeder was included as one of the persons described by Jeff Lawson in his attempt to get Andrew Daniel to leave the premises."[2] Even if we assumed that the "we" Lawson refers to includes Tyler, that is simply evidence that Tyler wished Daniel and his friends to leave. (Daniel testified that he was never asked to leave the party.) The record contains no evidence that Tyler knew or should have known Lawson would resort to force, much less that Tyler encouraged Lawson to use force. Lawson's own statement belies any possibility that Tyler aided or encouraged the use of force against Daniel or that Tyler had any foreknowledge creating a duty to warn Daniel. Lawson said, "I just decided to hit him." The record reflects that an intoxicated Lawson "just decided" to hit Daniel, without any warning or indication of his intent to anyone, including Tyler. Daniel's own testimony supports Lawson's account. Daniel agreed that it happened "pretty quickly" and came "out of the blue." Daniel agreed "there was no warning" he was "about to be hit" and "no words were spoken" before he was hit. According to his testimony, Daniel had no reason to believe he was in any danger of being hit when he arrived at the party. There is simply no evidence in the record that anyone else, including Tyler, had any reason to believe Daniel was in danger of being hit. Accordingly, we find the trial court did not err in granting summary judgment in favor of Tyler Reeder on Daniel's negligence claims for aiding or encouraging the use of force and failure to warn.

The judgment of the trial court is affirmed in whole as to Tom Reeder and Pam Reeder. The judgment of the trial court is reversed as to Tyler Reeder on the claim of negligence in providing alcohol to a guest under eighteen years of age,

and affirmed as to the other negligence claims against Tyler Reeder.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

RONALD L. WALKER, Chief Justice, dissenting.

According to *Smith v. Merritt,* 940 S.W.2d 602, 605 (Tex.1997), the sole remedy available to one claiming damages resulting from the providing of an alcoholic beverage, by a commercial provider, is legislatively created and contained in Chapter 2 of the Texas Alcoholic Beverage Code (TABC). Chapter 2 provides, "the exclusive cause of action for providing an alcoholic beverage to a person 18 years of age or older." TEX. ALCO. BEV.CODE ANN. § 2.03 (Vernon 1995).

The present law in Texas provides liability "against commercial providers only." *Smith v. Merritt,* 940 S.W.2d at 605. As yet, the Legislature nor our Texas Supreme Court has expanded the "commercial provider" concept to include our present fact situation (minor to minor), and I am most reluctant to pioneer that effort. I would affirm the trial court's summary judgment *in toto.* Respectfully, I dissent.

**2.** The Reeders' brief fails to address the no-

evidence portion of their motion.