KEVIN KUBE, A MINOR, BY AND THROUGH HIS MOTHER AND NEXT FRIEND, MARIE KUBE, APPELLANT, v. KENNETH KUBE, APPELLEE.

227 N. W. 2d 860

Filed April 17, 1975. No. 39780.

Burbridge & Burbridge and Deutch & Hagen, for appellant.

Jewell, Otte, Gatz & Collins, for appellee.

Heard before WHITE, C. J., BOSLAUGH, and McCOWN, JJ., and LYNCH and BURKE, District Judges.

BOSLAUGH, J.

This is an action by the mother and next friend of Kevin Kube to recover damages for injuries he sustained in an accident on July 16, 1971. At the time of the accident Kevin was 14 years of age and employed as a farm laborer by his uncle, the defendant. The accident occurred while Kevin was operating a farm tractor of over 20 PTO horsepower on a highway while on his way to a field. The tractor overturned causing severe injuries to Kevin.

The action was brought under the Federal Fair Labor Standards Act as amended and, more particularly, the provisions of the act prohibiting employment of persons under the age of 16 in occupations that have been found and declared to be particularly hazardous for such persons. See 29 U. S. C., c. 8; 29 C. F. R., § 570.71. The petition alleged that the employment of the plaintiff by the defendant was unlawful and in violation of the federal act and regulations, and that the violation of the law was the proximate cause of the accident and the injuries to Kevin. There was no allegation of negligence.

The trial court sustained a general demurrer to the petition and dismissed the action. The plaintiff has appealed.

The federal act provides no civil remedy for this violation of the act but prescribes criminal penalties. The

issue on appeal is whether a civil remedy may be implied.

So far as we have been able to determine there. has been only one case that has considered the precise question involved in this case.

In Breitwieser v. KMS Industries, Inc., 467 F. 2d 1391, the United States Court of Appeals, Fifth Circuit, held the Fair Labor Standards Act did not create a private cause of action for the death of a 16-year-old boy who was operating a forklift truck in violation of the provisions of the act and the regulations. There was a dissent in that case, but the petitions for a rehearing and a rehearing en banc were overruled. Certiorari was denied by the United States Supreme Court in 1973, 410 U. S. 969, 93 S. Ct. 1445, 35 L. Ed. 2d 705.

The Breitwieser case was decided upon the theory that the Fair Labor Standards Act contains a comprehensive enforcement scheme including substantial criminal penalties for violations of child labor law. The District Court had based its decision on the ground that Congress did not intend that private damage suits should be an available remedy under the child labor section because civil remedies were provided for certain violations of the act but only criminal sanctions were provided under the child labor section. See, also, Martinez v. Behring's Bearings Service, Inc., 501 F. 2d 104.

This appears to be an area in which the decisions are not uniform. In cases involving other statutes it has been held that a civil remedy may be implied.

Some note should be made of the fact that the law does not prohibit the operation of farm tractors of over 20 PTO horsepower by persons under the age of 16 in all situations. The provisions of the act do not apply to a child employed by his parent or a person standing in the place of his parent on a farm owned or operated by such parent or person. 29 U. S. C., § 213. In other words, Congress has not determined that the operation of a farm tractor of over 20 PTO horsepower by a child 14 years of age is so inherently dangerous as to be pro-

hibited as a matter of public policy in all cases. See Benner v. Evans Laundry Co., 117 Neb. 701, 222 N. W. 630.

We recently noted that exchange of work arrangements are common in this state. Meyer v. State Farm Mut. Auto. Ins. Co., 192 Neb. 831, 224 N. W. 2d 770. We hesitate to adopt a rule that would create a cause of action because Kevin's uncle was the employer where there would be none if Kevin had been injured while employed by his father on his father's farm.

The judgment of the District Court was correct and it is affirmed.

AFFIRMED.