Colin A. **SMITH** and Al
Smith, Petitioners,

v.

Margaret **MERRITT**, et al., Respondents.

No. 95–1286.

Supreme Court of Texas.

Argued April 17, 1996.

Decided Feb. 28, 1997.

David B. Griffith, Robert D. Bennett, Gilmer, for petitioners.

Edward L. Merritt, Frank M. Mason, Gregory P. Grajczyk, Longview, for respondents.

ABBOTT, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, and GONZALEZ, CORNYN, ENOCH, SPECTOR and BAKER, Justices, join.

The issue in this case is whether a social host can be liable in negligence or negligence per se for injuries resulting from the host's provision of alcohol to a nineteen-year-old guest.[1] Because the Legislature has estab-

---

1. In *Ryan v. Friesenhahn*, 911 S.W.2d 113 (Tex. App.—San Antonio 1995, writ granted), the court of appeals concluded that social hosts can be liable in negligence and negligence per se for

lished a policy against such causes of action, we decline to expand the common law to include those claims. Accordingly, the court of appeals' judgment is affirmed in part and reversed in part, and we render judgment that the Smiths take nothing.

## I

Nineteen-year-old Robert Barbee hosted a party at a lake house owned by his parents, Marita and Bob Barbee, and his grandparents, Margaret and A.P. Merritt. There is no indication that the owners were present or even aware that Barbee hosted this party; however, there is evidence that the owners were aware that Barbee had previously hosted parties at the lake house.

Barbee brought two kegs of beer to the lake house and provided them to the party guests.[2] Nineteen-year-old Robert Hale and eighteen-year-old Colin Smith were two of the guests. After drinking two or three cups of beer, Hale left the party in his car with Smith as a passenger. Soon thereafter, Hale collided head-on with a truck, seriously injuring Smith. Summary judgment evidence showed that Hale may have been driving too fast on the narrow, winding, poorly lit road. A medical report revealed that Hale's blood alcohol concentration was .069 grams per deciliter.

Colin Smith and his father Al Smith sued Robert Barbee and the lake house owners for Colin's injuries. The Smiths alleged that the defendants were negligent and negligent per se for providing Hale with alcohol in violation of liquor control laws and with knowledge that Hale would be driving. The trial court granted the owners' and Robert Barbee's collective motion for summary judgment.

The court of appeals affirmed in part, holding that neither Robert Barbee nor the owners owed any common-law duty to the Smiths to prevent Hale from drinking and driving. 929 S.W.2d 456. However, the appellate court reversed in part, holding that a fact question existed concerning whether Robert Barbee was negligent per se for violating section 106.06 of the Texas Alcoholic Beverage Code (TABC), which generally prohibits the provision of alcohol to persons under twenty-one. 929 S.W.2d at 459–60; TEX. ALCO. BEV.CODE § 106.06.

The Smiths filed an application for writ of error with this Court, reasserting their claims that the lake house owners and Robert Barbee were liable in negligence and negligence per se. Robert Barbee also filed an application, asserting that the negligence per se cause of action against him under section 106.06 is precluded by Chapter 2 of the TABC, the "Dram Shop Act," which provides the exclusive cause of action for serving alcohol to a person eighteen years of age or older.

## II

■ In determining whether a cause of action in negligence exists, the threshold inquiry is whether the defendants owed the plaintiffs a legal duty. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987). Deciding whether to impose a common-law duty involves complex social and economic policy considerations. *Graff v. Beard*, 858 S.W.2d 918, 920 (Tex.1993). This is especially true in deciding whether to impose a duty on a social host because of the competing societal concerns and public policy issues inherent in such a decision.[3] When significant and di-

---

injuries sustained by an intoxicated guest under eighteen years of age. We granted Friesenhahn's application for writ of error to determine whether the appellate court correctly imposed a social host duty under the circumstances of that case. Our holding in today's opinion is limited to social hosts providing alcohol to guests eighteen years of age or older. Accordingly, this opinion is not dispositive of the *Friesenhahn* case.

**2.** The record does not reflect where or how Barbee obtained the beer. The person or entity who provided the beer to Barbee is not a party in this lawsuit.

**3.** *See Burkhart v. Harrod*, 110 Wash.2d 381, 755 P.2d 759, 761 (1988)(en banc) (listing the range of issues involved in social host liability, including "the amount of damage caused by drunk drivers, the percentage of that damage for which a social host was at some point involved, the extent to which automobile insurance of all types already provides a remedy to victims, the effect that the added liability would have on homeowners' and renters' insurance rates, the possibilities of alternative remedies . . ., the possibilities of limiting the host's liability, and proscribing standards of conduct for social hosts.").

verse public policy concerns are implicated, careful consideration should be given to legislative pronouncements reflecting the adoption of a particular public policy. *See Graff,* 858 S.W.2d at 919.

Historically, an alcohol provider owed no tort duty to third persons for injuries caused by the provision of alcohol. *El Chico,* 732 S.W.2d at 309. The consumption of alcohol, rather than the provision of it, was considered to be the sole proximate cause of injury to the third person. *Id.* In 1987, this Court created a common-law duty owed by commercial providers of alcohol to injured third parties in *El Chico.* During the week that opinion was issued, the Texas Legislature superceded the newly recognized common-law duty by amending the TABC to create the Dram Shop Act. *See* TEX. ALCO. BEV.CODE §§ 2.01–2.03; *Graff,* 858 S.W.2d at 919.

The purpose of the legislative enactment is clear. Chapter 2 of the TABC is entitled "Civil Liabilities for Serving Beverages." That chapter "provides *the exclusive cause of action for providing an alcoholic beverage to a person 18 years of age or older.*" TEX. ALCO. BEV.CODE § 2.03 (emphasis added). Only "a person who sells or serves an alcoholic beverage under authority of a license or permit issued under the terms of [the TABC] or who otherwise sells an alcoholic beverage to an individual" can be liable under Chapter 2. *Id.* § 2.01.

When enacting Chapter 2, the Legislature specifically considered and rejected the inclusion of civil liability for social hosts. *See* CONF. COMM. REP. ON H.B. 1652, 70th Leg. (1987); *Graff,* 858 S.W.2d at 919. Early versions of the bill created civil causes of action against both commercial establishments and social hosts. *Graff,* 858 S.W.2d at 919. However, the final version of the bill, and what is currently Chapter 2, creates a statutory cause of action against *commercial* providers only. *Id.;* TEX. ALCO. BEV.CODE § 2.02. The Legislature demonstrated its intent against the creation of common-law social host liability for serving persons eighteen years of age or older by including language

in section 2.03 that liability under Chapter 2 "is in lieu of common law or other statutory law warranties and duties." TEX. ALCO. BEV. CODE § 2.03.

This Court has previously deferred to the Legislature on social host liability. In *Graff,* we relied heavily on Chapter 2 of the TABC and its legislative history in declining to create a common-law tort duty for a social host who makes alcohol available to an intoxicated adult guest who will be driving. We decided that, as between social hosts and adult guests, the focus of liability to third parties should remain on the drinker. *Graff,* 858 S.W.2d at 921–22. Absent a special relationship between the social host and the adult guest, the host has neither superior knowledge with which to foresee harm nor a legal right to control the guest. See *id.* at 920; *Otis Eng'g Corp. v. Clark,* 668 S.W.2d 307, 309 (Tex.1983).

■ Applying our holding in *Graff* and the dictates of TABC Chapter 2, we conclude that the defendants in this case did not owe a common-law tort duty to the Smiths to refrain from providing alcohol to Hale. Our holding does not leave the Smiths without a remedy, however. Nothing in the TABC or the common law prevents the Smiths from asserting a claim against Hale, the individual who made the choice to drink and drive.

### III

■ The Smiths argue that *Graff* is distinguishable from this case because the *Graff* holding concerned *adult* guests of a social host, and the guest in this case, Robert Hale, was a statutory minor according to TABC section 106.01. Section 106.01 provides: "In this code [the TABC], 'minor' means a person under 21 years of age." Section 106.06 establishes a misdemeanor offense (with certain exceptions not applicable here) for anyone who "purchases an alcoholic beverage for or gives or with criminal negligence makes available an alcoholic beverage to a minor." TEX. ALCO. BEV.CODE § 106.06(a) (as amended by Acts 1993, 73rd Leg., ch. 934, § 79).[4]

---

**4.** Section 106.06 actually contains two subsections labeled "(a)." In addition to the subsection quoted in the text of this opinion, a different

version of Section 106.06(a) establishes a misdemeanor offense for anyone who "purchases an alcoholic beverage for or gives or makes avail-

Because the guest in this case, Robert Hale, was nineteen and a minor under the TABC, the Smiths urge that two theoretical underpinnings of *Graff*—the inability of social hosts to know the extent of alcohol consumed by their guests and their inability to control their guests' conduct—do not apply. The Smiths contend that social hosts have no need to monitor the alcohol consumption and control the behavior of intoxicated minors because alcohol cannot be legally provided to minors. Because Hale was classified as a "minor" under the Code, the Smiths urge that the reasoning supporting non-liability for a social host who serves alcohol to an intoxicated adult driver is inapplicable.

Robert Hale was an adult at the time of the accident. The fact that he was defined as a minor solely for purposes of TABC section 106.01 is not significant in our negligence analysis.

Since 1973, the age of majority in Texas has been eighteen, except to the extent that there is a conflict with the minimum age provisions of the TABC. TEX. CIV. PRAC. & REM.CODE §§ 129.001, 129.003. For purposes other than determining criminal liability under TABC Chapter 106, persons eighteen years of age or older are adults and have the right and corresponding responsibility to make their own choices. *See* TEX. CIV. PRAC. & REM.CODE § 129.001 (age of majority is eighteen); TEX. FAM.CODE § 1.51 (ability to marry at age eighteen); U.S. CONST. amend. XXVI (right to vote at age eighteen); TEX. ELEC.CODE § 11.002(1) (same); *Kargar v. Sorrentino,* 788 S.W.2d 189, 191 (Tex.App.—Houston [14th Dist.] 1990, no writ) (power to contract at age eighteen); *see also* TEX. FAM. CODE § 41.001(2) (parents no longer liable for torts of children when they reach age eighteen); TEX. PENAL CODE § 8.07(d) (may be put to death for penal violation at age seventeen); 50 U.S.C. app. §§ 453, 454 (must register with Selective Service at age eighteen and can enlist at age eighteen and six months). *See generally Fuller v. Maxus Energy Corp.,* 841 S.W.2d 881, 885 (Tex.App.—Waco 1992, no writ) (stating that an eighteen-year-old has the right to marry, vote,

contract, and go to war). Thus, Hale was an adult for virtually all purposes at the time of this accident. Most importantly, he was an adult for the purpose of being responsible for his own behavior and any civil liability resulting therefrom. *See* TEX. CIV. PRAC. & REM. CODE § 129.001; TEX. FAM.CODE § 41.001(2); *Fuller,* 841 S.W.2d at 885. Nineteen-year-old Barbee could not control nineteen-year-old Robert Hale's decision to drive in an inebriated condition. As an adult subject to being sued in his own capacity, Hale's tort duty should not be shifted to the social hosts in this case.

We recognize that section 106.01 does statutorily return persons aged eighteen to twenty to minority status for the purpose of the penal provisions in section 106.06. Nevertheless, the legislative history of Chapter 106 makes clear that the Legislature did not intend for minor status under section 106.01 to alter adult status elsewhere in the TABC or at common law. The Legislature raised the drinking age to twenty-one only for the express purpose of avoiding "the imposition of sanctions against the state and loss of federal highway funds" for failure to comply with a federal highway funding statute. TEX. ALCO. BEV.CODE § 106.01 historical note (Vernon 1995) [Act of June 6, 1985, 69th Leg., R.S., ch. 285, §§ 1, 14, 15, Tex. Gen. Laws 1323, 1328–29; Act of June 11, 1985, 69th Leg., R.S., ch. 462, §§ 2, 15, 16, Tex. Gen. Laws 1625, 1629–30]; *see also Boyd v. Fuel Distribs., Inc.,* 795 S.W.2d 266, 275 (Tex. App.—Austin 1990, writ denied). Moreover, the Legislature expressed a policy preference for lowering the age of majority for alcohol consumption to nineteen by enacting legislation that will cause the age of majority to revert automatically to nineteen if the Attorney General ever certifies that the federal highway funding law is repealed or otherwise unenforceable. Act of June 17, 1987, 70th Leg., R.S., ch. 495, § 5, 1987, Tex. Gen. Laws 2110 (amending 1985 Tex. Gen. Laws, ch. 285, § 16, at 1328). Absent the federal statute related to highway funds, persons aged nineteen and twenty, including Robert Hale, would not be minors under section

---

able an alcoholic beverage to a minor with criminal negligence." The existence of two subsec-

tions labeled "(a)" and the difference between the two are immaterial to this opinion.

106.01. *Boyd,* 795 S.W.2d at 276. It cannot be fairly reasoned, then, that the Legislature intended persons aged eighteen to twenty to be considered minors for purposes of determining civil liability outside of the Chapter 2 framework.

Moreover, allowing social host liability for merely serving alcohol to a person eighteen or over—as urged by the Smiths—would create the anomalous situation where social hosts could incur civil liability for conduct that the Legislature has expressly stated is insufficient to justify civil liability for commercial providers. Under Chapter 2, commercial providers who serve alcohol to persons aged eighteen to twenty may incur civil liability only if "at the time the provision occurred it was apparent to the provider that the individual being sold, served, or provided with an alcoholic beverage was obviously intoxicated to the extent that he presented a clear danger to himself and others." TEX. ALCO. BEV.CODE § 2.02(b)(1). Under the Smiths' contention, social hosts may be civilly liable for injuries to third parties merely for the act of furnishing alcohol to a person at least eighteen years of age but under the age of twenty-one, regardless of whether the recipient was "obviously intoxicated." Because commercial providers are much better equipped to determine how much alcohol guests have consumed and when they have approached their limit, it would be odd, indeed, to hold that a statute limiting commercial vendor liability simultaneously allows this Court to create social host liability at a lower standard of culpability.

Considered together, Chapter 2 and Chapter 106 of the TABC reflect the Legislature's deliberate decision not to create a cause of action against social hosts for serving alcohol to persons eighteen years of age and older. We will not circumvent the Legislature's intentions by imposing a duty upon social hosts that the Legislature itself has rejected.

5. The court of appeals relied on the general purpose of the TABC, which is to "protect[ ] ... the welfare, health, peace, temperance, and safety of the people of the state." TEX. ALCO. BEV.CODE § 1.03.

## IV

■ The Smiths also argue that the defendants were negligent per se because they violated section 106.06 of the TABC by providing beer to the nineteen-year-old Robert Hale. The court of appeals allowed the Smiths' cause of action for negligence per se against Barbee, finding that Smith was within both the specific class of persons protected by section 106.06 ("minors" under age twenty-one) and the general class of persons protected by the TABC as a whole (the general public).[5] 929 S.W.2d at 459 (citing *El Chico,* 732 S.W.2d at 312–13). We disagree with the court of appeals and hold that section 106.06 of the TABC does not create a negligence per se cause of action when a social host provides alcohol to a person eighteen years of age or older.

■ Negligence per se is a common-law doctrine in which a duty is imposed based on a standard of conduct created by a penal statute rather than on the reasonably prudent person test used in pure negligence claims. *See El Chico,* 732 S.W.2d at 312; *Carter v. William Sommerville & Son, Inc.,* 584 S.W.2d 274, 278 (Tex.1979); *Rudes v. Gottschalk,* 159 Tex. 552, 324 S.W.2d 201, 204 (1959). However, not every penal statute creates an appropriate standard of care for civil liability purposes; therefore, a court is not required to adopt the penal statute's standard. *Carter,* 584 S.W.2d at 278; *Rudes,* 324 S.W.2d at 205 ("As the power of adopting or rejecting standards rests with the civil courts, we may accept or reject the criminal statute or use such part thereof as may be deemed appropriate for our purposes."). In determining whether a penal statute creates an appropriate standard of care, we may consider whether the adoption of such a standard would be inconsistent with legislative intent.

Section 106.06 is located in Title 4 of the TABC, entitled "Regulatory and Penal Provisions," and provides criminal penalties[6] for providing an alcoholic beverage to a person

6. A violation of Section 106.06 is a misdemeanor punishable by a fine of not less than $100 nor more than $500. TEX. ALCO. BEV.CODE § 106.06(c).

under the age of twenty-one. TEX. ALCO. BEV.CODE § 106.06. In contrast, Chapter 2 establishes civil liability for serving alcohol. By enacting Chapter 2 separately from Chapter 106, and thereby establishing a bifurcated civil and criminal liability scheme, the Legislature manifested its intent that Chapter 2 should serve as the sole basis of civil liability for serving alcohol to persons aged eighteen to twenty.

We also find significant the Legislature's expressed intention to preclude Chapter 106 from serving as a basis for negligence per se. Section 2.03 clearly states that Chapter 2 "provides the exclusive cause of action for providing an alcoholic beverage to a person 18 years of age or older." TEX. ALCO. BEV. CODE § 2.03. That section further mandates that liability under Chapter 2 "is in lieu of common law or other statutory law warranties and duties of providers of alcoholic beverages." *Id.* Thus, under Chapter 2, civil liability for alcohol providers, as defined in section 2.01, is in lieu of any negligence per se cause of action, even when the provider serves alcohol to a person aged eighteen to twenty.

Nevertheless, the Smiths contend, and the court of appeals reasoned, that because Chapter 2 applies only to commercial providers, it does not preclude a negligence per se cause of action against a social host. 929 S.W.2d at 460 n. 3. We disagree for several reasons. First, the exclusivity provision in section 2.03 and the legislative history of Chapter 2 make clear that the Legislature has already considered and declined to create a social host duty for serving alcohol to a person eighteen years of age or older. *See Graff,* 858 S.W.2d at 919. Second, the legislative history of section 106.01 demonstrates that the express reason for elevating the age of majority status to age twenty-one was not to prevent injury to the class of persons such as the Smiths, but rather to "avoid the imposition of sanctions against the state and loss of federal highway funds." Act of June 6, 1985, 69th Leg., R.S., ch. 285, §§ 1, 14, 15, Tex. Gen. Laws 1323, 1328–29; Act of June 11, 1985, 69th Leg., R.S., ch. 462, §§ 2, 15,

16, Tex. Gen. Laws 1625, 1629–30; *Boyd,* 795 S.W.2d at 275. Third, it is inconceivable that the Legislature would desire that the combination of Chapter 106 and Chapter 2 would result in negligence per se for social hosts but not for commercial providers for serving alcohol to persons aged eighteen to twenty.

We hold that providing alcohol to a person aged eighteen to twenty, in violation of section 106.06 of the TABC, is not sufficient to establish a negligence per se cause of action against a social host.[7] To hold otherwise would ignore the intent and policies of the Legislature.

V

The Smiths urge two other points of error. First, they assert that the court of appeals erred by considering the issues of ownership and control of the lake house and whether the owners knew of the party because these two issues were not raised in the defendants' motion for summary judgment. Second, the Smiths urge that the owners of the lake house had a duty under sections 318 and 877 of the *Restatement (Second) of Torts.* These provisions of the *Restatement* concern the duties of the possessor of land upon which tortious conduct is committed. We need not reach these issues because we conclude that the defendants owed no tort duty to the Smiths.

VI

We affirm the court of appeals' judgment for the defendants on the negligence issue. We reverse in part the judgment of the court of appeals and render judgment that the Smiths take nothing on their negligence per se cause of action.

HECHT, Justice, joined by OWEN, Justice, concurring.

I join in the Court's opinion and would add only that in several other states the judiciary has deferred to the legislature to determine social host liability. *See, e.g., Bankston v. Brennan,* 507 So.2d 1385, 1387 (Fla. 1987)("[W]hen the legislature has actively en-

---

7. Of course, hosts who provide alcohol to a person eighteen years of age or older, but under twenty-one, in violation of section 106.06 are still subject to criminal sanctions.

tered a particular field and has clearly indicated its ability to deal with such a policy question, the more prudent course is for this Court to defer to the legislative branch."); *Gariup Constr. Co., Inc. v. Foster*, 519 N.E.2d 1224, 1228 (Ind.1988) ("Cognizant of our legislature's active and ongoing interest and participation in the development of public policy in this area, this Court is unwilling to depart from the general rule followed in most jurisdictions, and we hold that common law liquor liability shall not be extended to the purely social host". (footnote omitted)); *Burkhart v. Harrod*, 110 Wash.2d 381, 755 P.2d 759, 762 (1988)(en banc)(observing that the legislature was disinclined to impose social host liability, and noting that its judicial deference to the legislature on the issue of social host liability "is fully supported by precedent both within and without th[e] state"); *Olsen v. Copeland*, 90 Wis.2d 483, 280 N.W.2d 178, 182 (1979) ("The problem . . . of controlling drinking and driving . . . is a legislative problem . . . and the issue [of whether or not to impose liability upon alcohol providers] is one best dealt with by the legislature.").

This is true for some courts even in the absence of legislative pronouncements on issues related to social host liability. *See, e.g., Boutwell v. Sullivan*, 469 So.2d 526, 529 (Miss.1985)("We are of the opinion that this question, which involves strong public policy and change of the law, should be studied comprehensively and addressed by the [legislature]."); *D'Amico v. Christie*, 71 N.Y.2d 76, 524 N.Y.S.2d 1, 4, 518 N.E.2d 896, 899 (1987) ("[I]f there is to be a change in [imposing liability on non-seller alcohol providers] it should come from the legislature."); *Manning v. Andy*, 454 Pa. 237, 310 A.2d 75, 76 (1973)("[W]e feel that a decision of this monumental nature is best left to the legislature."); *Ferreira v. Strack*, 652 A.2d 965, 968 (R.I.1995) ("[T]he creation of new causes of action [regarding social host liability] should be left to the Legislature." (citations omitted)).

Some courts have gone so far as to hold that a legislature's activity in this area preempts a common-law cause of action. *E.g., Charles v. Seigfried*, 165 Ill.2d 482, 209 Ill.Dec. 226, 231, 651 N.E.2d 154, 159 (1995); *Holmquist v. Miller*, 367 N.W.2d 468, 471 (Minn.1985); *Cole v. City of Spring Lake Park*, 314 N.W.2d 836, 840 (Minn.1982).

In circumstances similar to those in this case, other jurisdictions have refused to recognize a cause of action for negligence per se. The Nevada Supreme Court has reasoned:

In other contexts we have recognized that a violation of a penal statute is negligence per se. We decline to so rule in this case since to do so would subvert the apparent legislative intention. The statute before us is but one of many in the statutory scheme regulating the sale of tobacco and intoxicating liquor to minors and drunkards. The section immediately preceding [the statute in question] does impose a limited civil liability upon the proprietor of a saloon who sells liquor to a minor. By providing for civil liability in one section and failing to do so in the section immediately following, the legislature has made its intention clear. Accordingly, we must conclude that a violation [of the statute in question] does not impose civil liability . . ., nor is such a violation negligence per se.

*Hamm v. Carson City Nugget, Inc.*, 85 Nev. 99, 450 P.2d 358, 360 (1969) (citations omitted); *see also Holmes v. Circo*, 196 Neb. 496, 244 N.W.2d 65, 70 (1976) (agreeing with the court's conclusions in *Hamm*); *cf. Kube v. Kube*, 193 Neb. 559, 227 N.W.2d 860 (1975) (no cause of action for violation of a federal statute that provided no civil remedy).