**Kenneth DORRIS, Sr. individually and as next friend of Kevvin Noahh Dorris, a minor, and as representative heir to the Estate of Izetta Dorris, deceased; and Kenneth Dorris, Jr. and Debbra Dorris Nichols individually and as representative heirs to the Estate of Izetta Dorris, deceased, Appellants,**

v.

**James PRICE, David Price, Tom Price, and Jimmy Price, Appellees.**

No. 11–98–00246–CV.

Court of Appeals of Texas, Eastland.

May 18, 2000.

Rehearing Overruled June 29, 2000.

---

Mark D. Haas, W. Scott Golemon, Haas & Golemon, Conroe, for Appellants.

Houston Munson, Munson & Burns, Gonzales, Randall C. Owens, Buck, Keenan & Owens, Houston, Larry L. Foerster, Darden, Fowler & Creighton, Conroe, for Appellees.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## OPINION

W.G. ARNOT, III, Chief Justice.

On July 2, 1994, 16–year–old Joshua Dwayne Garner attended the annual Fourth of July party hosted by, among others, David Price, Tom Price, and Jimmy Price on James Price's land (appellees). Garner became intoxicated at the party. On his way home from the party, during the early morning hours of July 3, 1994, Garner was allegedly at fault in an automobile accident that killed Izetta Dorris and injured her husband, Kenneth Dorris, Sr., and their son, Kevvin Noahh Dorris. Appellants, Kenneth Dorris, Sr., Kevvin Dorris, Kenneth Dorris, Jr., Debbra Dorris Nichols, and the Estate of Izetta Dorris then sued appellees under a social host liability theory. Finding that appellants had failed to state a cause of action, the trial court granted summary judgment in favor of all appellees.

In *Graff v. Beard*, 858 S.W.2d 918 (Tex. 1993), the Texas Supreme Court declined to impose a common-law duty on a social host who made alcohol available to an intoxicated adult guest who the host knew would be driving. In *Smith v. Merritt*, 940 S.W.2d 602 (Tex.1997), the Texas Supreme Court declined to create a common-law duty or a negligence per se cause of action to hold a social host liable for injuries resulting from the host's provision of alcohol to a guest between the ages of 18

and 21.[1] We are now confronted with this issue: should this court, in light of these decisions, create a common-law duty or a negligence per se cause of action to recognize that a social host may be liable for resulting injuries when the host makes alcohol available to a guest under the age of 18 who the host knows will be driving? We decline to do so.

Brothers David, Tom, and Jimmy, in conjunction with some of their cousins, business associates, and friends, began hosting an annual Fourth of July party sometime in the late 1960s. The parties were traditionally held on the land of their father, James, and would last for several days. All those involved in hosting the party would donate money, time, supplies, food, beer, or some combination thereof. The party was well-known around Montgomery County, and anyone who heard about the annual party was welcome to attend. The Prices felt like they were responsible for the party because they had been organizing it for so long and because it was held on James's land.

On July 2, 1994, Garner, although not explicitly invited, decided to attend the Fourth of July party with Eric Martin Frazier, who was also 16 years old at that time. Frazier's father considered all of the Prices friends. In fact, Frazier's father was one of the people from the community who contributed beer and supplies to the party. Garner met Frazier at his house at approximately 8:00 p.m. on July 2. Soon thereafter, Garner, Frazier, and another friend, Rosalyn Parrish, left Frazier's house in Garner's vehicle. They picked up Shannon Casey and proceeded to the Stop–N–Go convenience store in Montgomery. At the Stop–N–Go, Frazier paid an adult to purchase a 12–pack of beer because they were all underage. On the way from the Stop–N–Go to the party, Garner drank one of the beers that Frazi-er had purchased. When they arrived at the party, Garner, Frazier, Parrish, and Casey joined a group of 40 to 50 young people who were congregated approximately 150 to 200 feet away from where the adults were gathered. The area where the adults were gathered was lighted, but the young people were congregated in an unlit area. Although their vehicles were visible from the area where the adults were gathered, the young people themselves were not. In addition to Garner and Frazier, several others in the group possessed and consumed alcoholic beverages at the party that night. James, David, Tom, and Jimmy were all aware of and could admittedly foresee that minors could get alcoholic beverages illegally. Despite this knowledge, none of the Prices, on the night of July 2, 1994, ever checked to see if any of the young people had alcohol at the party. Moreover, none of the Prices ever approached the area where the young people were congregated to check on what was happening.

In the adult area, there was a brick trough full of cold beer that was for all of the adults at the party. Additionally, many of the adults brought their own coolers full of beer. It was acceptable for minors who had adult family members at the party to take and to consume the beer that was kept in the adult area. When all of the beer that he had purchased was gone, Frazier went down into the adult area on several occasions and got beer out of the trough. He then either consumed the beer in the adult area or took it back to the area where the young people were gathered. In fact, Frazier consumed beer in the presence of some or all of the Prices. Frazier did not ever hide the fact that he was drinking beer that night, nor did he feel that it was necessary for him to do so. Although Frazier's father was present, Garner did not have any adult family members at the party. Without the

---

1. In *Friesenhahn v. Ryan*, 960 S.W.2d 656 (Tex.1998), the issue of the common-law duty of a social host who serves alcohol to a guest under the age of 18 was before the supreme court. Because it decided *Friesenhahn* on a procedural matter, the court did not reach the issue before us.

knowledge of any of the adults at the party, Frazier brought beer to Garner. Garner knew that he did not have permission to consume any of the beer from the adult area.

Garner was intoxicated when he left the party at approximately 12:30 a.m. on July 3, 1994. As he left James's property, Garner turned the wrong direction, heading away from Montgomery. At some point, Garner realized that he was heading the wrong way and turned around. Garner's vehicle was traveling at approximately 80 miles per hour when he came out of a curve and saw the Dorris vehicle, which was about half on the road and half on the shoulder with no lights or flashers. Garner was unable to avoid a collision, and his vehicle struck the back driver-side portion of the car. Izetta Dorris died as a result of injuries sustained in the collision; and Kenneth Dorris, Sr. and Kevvin Dorris were injured.

■ There may be compelling reasons to impose liability on the social host. The social host may possess the practical ability to control the conduct of the guest and can reasonably know of the guest's alcohol consumption as well as the guest's possible intoxication. However, these reasons were rejected in the context of guests 18 years of age and older by the supreme court in *Graff* and *Smith.* In *Graff,* the court observed that "[i]deally guests will drink responsibly, and hosts will monitor their social functions to reduce the likelihood of intoxication." *Graff v. Beard, supra* at 921. However, while it hoped that the conduct of social hosts and guests would meet those standards, the court refused to impose those standards on social hosts as a common-law duty. We are not unmindful that young people under the age of 18 should not drink and that many who do drink, do not drink responsibly. However, it is as difficult for an adult host to monitor, control, or discipline guests under the age of 18 who are intent on drinking alcohol and driving as it is to monitor their adult counterparts. We will not impose a common-law duty based solely on something as arbitrary as age.

Historically, a duty recognized under common law does not distinguish between a guest who is 18 and a guest who is 17 years and 11 months old to impose liability on a third person, the host. Such a distinction is often made by legislative statute but not by common law. Because we find there to be no rational distinction between an 18–year–old guest and a guest under the age of 18 who is authorized to drive, we decline to create a common-law social host duty for the provision of alcohol to a guest under the age of 18 who the host knows will be driving.

■ Appellants also urge us to adopt a negligence per se cause of action for those who provide alcohol to a guest under the age of 18 in violation of TEX. ALCO.BEV.CODE ANN. § 106.06 (Vernon Supp.2000). In *Smith,* the court addressed the issue of whether a host can be negligent per se when his provision of alcohol to a minor violates a criminal statute, examining TEX.ALCO.BEV.CODE ANN. ch. 2 & ch. 106 (Vernon 1995 & Supp.2000). The plaintiffs in *Smith* argued that creation of a negligence per se cause of action based upon this prohibition was appropriate. The Texas Supreme Court declined and held that, when Chapter 2 stated that it provided the "exclusive cause of action for providing an alcoholic beverage to a person 18 years of age or older," the legislature precluded the possibility of a negligence per se cause of action based on Chapter 106 if the alcohol was served to a person 18 years of age or older. *Smith v. Merritt, supra* at 608. In this case, appellants urge that, because Garner was under the age of 18, Chapter 2 is inapplicable and that a negligence per se cause of action based on Chapter 106 is appropriate.

The *Smith* court stated that "[h]istorically, an alcohol provider owed no tort duty to third persons for injuries caused by the provision of alcohol." *Smith v.*

*Merritt, supra* at 605, citing *El Chico Corporation v. Poole,* 732 S.W.2d 306, 309 (Tex.1987). Additionally, as discussed above, the legislature has enacted a code that contains multiple provisions and regulates virtually every alcohol-related issue. TEX.ALCO.BEV.CODE ANN. § 1.01 et seq. (Vernon 1995). However, while it has created criminal liability for providing or making available alcoholic beverages to a minor, the legislature has not created civil liability based on the same conduct.

Furthermore, creation of a negligence per se cause of action based on Section 106.06 would engender an anomalous result. Section 106.06 states that a parent "may purchase an alcoholic beverage for or give an alcoholic beverage to a minor" so long as the parent is "present when the minor possesses or consumes the alcoholic beverage."[2] Under appellants' proposed negligence per se standard, adult parents would have no potential liability for failure to control their own children so long as they complied with Section 106.06; however, that exact same parent would have potential liability for failure to control another's child. This would be so even if the parent's conduct was, in all other respects, identical in both situations. We will not assume that the legislature intended to impose a duty on social hosts to control another's child that is greater than the duty owed by that child's own parents.

Garner was an uninvited but welcomed guest at the Prices' annual Fourth of July party. He began drinking alcohol before he arrived at the party and brought his own alcohol with him. None of the Prices knew that Garner was consuming alcohol at the party. Frazier, who had permission to consume alcohol himself but did not have permission to provide it to anyone else, brought Garner the beer from the adult supply. Under these facts and in the absence of direction from the legislature, we will not create by implication this negligence per se cause of action that is contrary to historical common law.[3]

The judgment of the trial court is affirmed.

---

**2.** Additionally, Sections 106.04 and 106.05 create exceptions to the prohibitions against the consumption of alcohol and possession of alcohol by minors, making each not illegal if done in the visible presence of a parent. Sections 106.04 and 106.05.

**3.** However, we note that in *Daniel v. Reeder,* 16 S.W.3d 491 (Tex.App.—Beaumont, 2000, no pet'n) (not yet reported), the court recognized negligence per se causes of action based on Section 106.06 against a social host for providing or making available alcohol to a guest under the age of 18.