In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00016-CV


______________________________




TERRY FREUDIGER AND WIFE, MICHELLE FREUDIGER, Appellants



V.



JONATHAN WESLEY KELLER AND


GROCERY SUPPLY COMPANY, Appellees



 


On Appeal from the 71st Judicial District Court


Harrison County, Texas


Trial Court No. 00-0961




 





Before Morriss, C.J., Ross, and Grant,* JJ.

Opinion by Justice Grant



______________

*Ben Z. Grant, Justice, Retired, Sitting by Assignment

O P I N I O N



 On November 23, 1999, Terry Freudiger was driving in Marshall, Texas, when he rear-ended
a commercial delivery truck being driven by Jonathan Wesley Keller for Grocery Supply Company. 
In a single point of error, Terry Freudiger and wife, Michelle Freudiger, appeal the trial court's denial
of the Freudigers' request to submit a special instruction to the jury regarding negligence per se. The
jury's findings have not been challenged on appeal.

 We review the denial of a requested instruction for abuse of discretion. Louisiana-Pacific
Corp. v. Knighten, 976 S.W.2d 674, 676 (Tex. 1998). The trial court has broad latitude in
determining necessary and proper jury instructions. Id. We reverse only if, in light of the pleadings,
evidence, and the entire jury charge, the error amounted to such a denial of the complaining party's
rights as was reasonably calculated to cause, and probably did cause, rendition of an improper
judgment. Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n, 710 S.W.2d 551, 555 (Tex.
1986).

 The evidence at trial showed that it had rained at the scene before the accident and that the
accident occurred near the crest of a small hill on U.S. Highway 80 in Marshall, Texas. Keller had
stopped his truck in the roadway and was preparing to back the truck into a grocery store parking lot. 
Shortly thereafter, Terry Freudiger crested the hill and ran into Keller's truck. In their petition, the
Freudigers alleged the accident was unavoidable because Terry did not have sufficient warning of
the stopped commercial vehicle. The Freudigers sought recovery from Keller and Grocery Supply
Company under theories of negligence and negligence per se for Terry's injuries resulting from the
wreck. 

 At trial, the Freudigers requested the following instruction:

 You are instructed that the law required that extreme caution be used in
operating a commercial motor vehicle when hazardous conditions, such as mist or
rain, adversely affect visibility or traction.


 "Commercial Motor Vehicle" means a motor vehicle or combination of motor
vehicles used in commerce to transport passengers or property if the motor vehicle-

 (1) Has a gross combination weight rating of 11,794 or more kilograms
(26,001 or more pounds) inclusive of a towed unit with a gross vehicle weight rating
of more than 4,536 kilograms (10,000 pounds); or

 (2) Has a gross vehicle weight rating of 11,794 or more kilograms (26,001
or more pounds).

 A failure to comply with the law is negligence in itself. 

The trial court denied the Fruedigers' request. The jury found Terry was solely negligent for causing
the accident. 

Analysis

 Negligence per se is a concept adopted by civil courts in which a duty is based on a standard
of conduct created by a statute rather than on the reasonably prudent person test used in pure
negligence claims. Smith v. Merritt, 940 S.W.2d 602, 607 (Tex. 1997); Supreme Beef Packers, Inc.
v. Maddox, 67 S.W.3d 453, 455 (Tex. App.-Texarkana 2002, pet. denied). Thus, a tortfeasor's
violation of a statute may lead to liability for negligence per se. Examples of negligence per se
causes of action arise in the area of traffic regulations. Carter v. William Sommerville & Son, Inc.,
584 S.W.2d 274, 278 (Tex. 1979). Civil courts have held that a tortfeasor who drives on the wrong
side of the road may be negligent per se because the Legislature passed a law requiring all motorists
in Texas to drive on the right side of the road. L.M.B. Corp. v. Gurecky, 501 S.W.2d 300, 301-03
(Tex. 1973) (citing former Tex. Civ. Stat. Ann. art. 6701d, § 52 (Vernon Supp. 1973)). A motorist
who fails to stop at a stop sign may be negligent per se. Sheppard v. Judkins, 476 S.W.2d 102, 109-10 (Tex. Civ. App.-Texarkana 1971, writ ref'd n.r.e.). And a motorist in Texas who fails to stop at
a railroad crossing when a train is approaching may be found negligent per se. S. Pac. Co. v. Castro,
493 S.W.2d 491 (Tex. 1973). Similarly, a violation of an administrative regulation may also give
rise to a negligence per se claim if the regulation has been adopted by the court as defining the
standard of care of a reasonable person. Cont'l Oil Co. v. Simpson, 604 S.W.2d 530, 534 (Tex. Civ.
App.-Amarillo 1980, writ ref'd n.r.e.) (citing Restatement (Second) of Torts § 288B (1965)). 
However, the fact that the Legislature adopts a statute-particularly one that defines criminal
conduct-does not mean courts in civil cases must accept it as the standard for civil liability. Merritt,
940 S.W.2d at 607; Carter, 584 S.W.2d at 278. 

 When the issue is negligence per se, a jury is not asked whether the alleged tortfeasor acted
reasonably (see example: Comm. on Pattern Jury Charges, State Bar of Tex., Texas
Pattern Jury Charges PJC 5.1 (2002)). Instead, if no excuse is raised, the jury's sole inquiry is
whether the defendant violated the statute at issue and, if so, whether the violation proximately
caused the plaintiff's injuries. Maddox, 67 S.W.3d at 455-56. 

 Where a statute incorporates the ordinarily prudent person standard, negligence per
se does not apply because the statute does not establish a specific standard of conduct
different from the common-law standard of ordinary care. In those cases, "it is
redundant to submit a question on the statutory standard or to instruct the jury
regarding it, and the negligence per se standard is subsumed under the broad-form
negligence question." 


Id. at 456 (quoting Smith v. Cent. Freight Lines, Inc., 774 S.W.2d 411, 413-15 (Tex. App.-Houston
[14th Dist.] 1989, writ denied)). 

 In this case, the Freudigers contend the trial court should have submitted the requested
special instruction because the proposed instruction was based on a mandatory federal regulation that
has been adopted by the Texas Department of Public Safety. The relevant federal regulation states

 Extreme caution in the operation of a commercial motor vehicle shall be exercised
when hazardous conditions, such as those caused by snow, ice, sleet, fog, mist, rain,
dust, or smoke, adversely affect visibility or traction. Speed shall be reduced when
such conditions exist. If conditions become sufficiently dangerous, the operation of
the commercial motor vehicle shall be discontinued and shall not be resumed until
the commercial motor vehicle can be safely operated. Whenever compliance with
the foregoing provisions of this rule increases hazard to passengers, the commercial
motor vehicle may be operated to the nearest point at which the safety of passengers
is assured.


Federal Motor Carrier Safety Regulations, 49 C.F.R. § 392.14 (1995). The director of the Texas
Department of Public Safety has adopted this federal regulation as part of the Texas Department of
Transportation's own rules concerning the operation of commercial motor vehicles. 37 Tex. Admin.
Code Ann. § 3.62(a) (2002) (Tex. Dep't of Safety, Regulations Governing Transportation Safety). 

 Because it was raining at the time of this accident or because it had been raining shortly
before the accident, the Freudigers contend Keller, as a commercial truck driver, owed a higher duty
of care in the operation of his vehicle. According to the Freudigers, Keller failed to meet this duty
because Keller's truck was completely stopped in the roadway, because there were no warning flares
or flags warning motorists of the stopped truck ahead, and because Keller's failure to use "extreme
caution" was negligence per se. 

 We find no Texas caselaw that states the federal regulation at issue here creates a special
standard of care. In their brief, the Freudigers cite no authority for such a proposition. The genesis
of a negligence per se cause of action must come from a court's finding in a civil case that a statutory
or regulatory enactment creates a special standard of care. Merritt, 940 S.W.2d at 607. In this case,
we have neither a legislative enactment nor a finding by a court in a civil case that the regulation
creates a special standard of care. The trial court did not err by denying the Freudigers' requested
charge.

 We affirm the trial court's judgment.




 Ben Z. Grant*

 Justice


*Justice, Retired, Sitting by Assignment



Date Submitted: December 12, 2002

Date Decided: April 18, 2003