# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00308-CV

**Fernando J. Somoza, Appellant**

**v.**

**Rough Hollow Yacht Club, Ltd., Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT**
**NO. D-1-GN-07-000952, HONORABLE SCOTT OZMUN, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Fernando J. Somoza filed suit against appellee Rough Hollow Yacht Club, Ltd. (the "Yacht Club") alleging causes of action for negligence and premises liability. The Yacht Club filed a motion for summary judgment, which the trial court granted. Somoza appeals, arguing that he raised genuine issues of material fact as to both claims. We affirm the summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Somoza was operating his jet ski on Lake Travis near the construction site of a new marina owned and operated by the Yacht Club when he allegedly ran into a partially submerged steel cable tethered to a floating dock. According to Somoza's petition, the accident occurred "in the Rough Hollow Cove areas," a navigable waterway used for recreational boating. He pleaded that the cable was installed above the water but could not be seen across the lake, that no warning signs

were posted to give notice of such cables, and that the area was not cordoned off, barricaded, or otherwise marked.

Somoza brought suit against the Yacht Club and several other individual and corporate defendants, alleging negligence and premises liability claims. With respect to both claims, he asserted that the Yacht Club breached the duty of care owed to him and proximately caused his injuries by:

a. failing to cordon off, barricade, or otherwise mark the area;

b. failing to warn Somoza of the existence of a dangerous condition of which Rough Hollow had actual or constructive knowledge;

c. leaving the steel cable strung across the lake;

d. failing to take reasonable steps to remedy the dangerous condition;

e. failing to perform reasonable inspections;

f. failing to provide proper instruction regarding assembly of the dock(s) and cable(s);

g. failing to safely manufacture the dock(s) and/or cable(s);

h. failing to safely assemble the dock(s) and/or cable(s);

I. failing to safely supervise the assembly of the dock(s) and cable(s);

j. failing to provide proper instruction regarding installation of the dock(s) and cable(s) in the water;

k. failing to safely construct the dock(s) and/or cables.

The Yacht Club answered and, after a period of discovery, filed a hybrid traditional (rule 166a(c)) and no-evidence (rule 166a(i)) motion for summary judgment asserting the following grounds:

Plaintiff has no claim for general negligence . . . because his negligence claim sounds solely in premises liability.

Rough Hollow did not exercise actual control or retain a right of control over the work of its independent contractors, Floating Dock Supply and Spillar Boat Docks, and thus owed no duty in negligence to Plaintiff.

Plaintiff was a trespasser, and therefore he has not properly pleaded his premises liability claim because he has not alleged that the Yacht Club acted willfully, wantonly, or with gross negligence.

Plaintiff has produced no evidence to support a claim for negligence . . . ; specifically, he produced no evidence of the essential elements of duty, breach, or proximate cause.

Plaintiff has produced no evidence that the Yacht Club injured Plaintiff willfully, wantonly or through gross negligence.

The Yacht Club attached evidence to its motion, including excerpts from Somoza's deposition as well as the depositions of Haythem Dawlett, a limited partner of the Yacht Club, and Kyle Spillar of Spillar Boat Docks. Dawlett testified that the Yacht Club had hired independent contractors to construct and maintain the floating docks in the cove. Spiller, who installed and maintained the docks, testified that the Yacht Club did not participate in the installation or maintenance of the docks.

In addition, the Yacht Club attached evidence in support of its assertion that Somoza was a trespasser, including his deposition testimony that he was not a member of the Yacht Club,

3

has never owned a slip there, had not been invited, and had no permission to be in the area of the marina at the time of the accident. Somoza further testified that he had been a boater and jet skier in Austin for 25 years, that cables attaching docks to the shore are obvious and common conditions on Lake Travis that he was familiar with, and that he believed the area where he was injured to be public property. The evidence also established that, at the time of the accident, no one else was present in the cove and no construction work was being done on the marina.

Somoza filed a response to the Yacht Club's motion for summary judgment, arguing that he was not a trespasser but was "at least" a licensee because the "marina complex was located on the waters of a public lake and portions of it were to be held open for business to the general public." In support of his assertion, he attached a computer printout from the Rough Hollow Yacht Club and Marina website depicting, among the club's amenities, "The General Store (aka: The Ship Store)," which he characterized as evidence that portions of the marina were open to the general public "and thereby impliedly granted the boating public access." At the hearing on the motion for summary judgment, the trial court sustained the Yacht Club's objections to this evidence.[1]

After the hearing, the trial court granted the Yacht Club's motion without specifying the grounds on which it relied and severed Somoza's claims against the Yacht Club, making the order a final, appealable judgment. Somoza's motion for new trial was overruled by operation of law, and this appeal followed.

---

[1] Somoza also attached to his response his complete deposition testimony, the LCRA's Highland Lakes Marina Ordinance, and the LCRA permit issued to the Yacht Club.

**STANDARD OF REVIEW**

We review the trial court's summary judgment de novo, taking as true all evidence favorable to the nonmovant and indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Where, as here, a trial court's order granting summary judgment does not specify the grounds relied on, the reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

A traditional motion for summary judgment is properly granted when the movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005). "A defendant who conclusively negates at least one of the essential elements of the plaintiff's cause of action is entitled to summary judgment." *Little v. Texas Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). A party seeking a no-evidence summary judgment, on the other hand, must assert that there is no evidence of one or more essential elements of a claim on which the opposing party will have the burden of proof at trial. Tex. R. Civ. P. 166a(i); *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam). If, in the face of such an assertion, the nonmovant fails to produce more than a scintilla of probative evidence raising a genuine issue of material fact as to each challenged element on which he has the burden of proof, summary judgment is proper. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). In reviewing a summary judgment, we view

5

the evidence in the light most favorable to the nonmovant and disregard all contrary evidence and inferences unless a reasonable fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005).

## DISCUSSION

In his first issue, Somoza argues that summary judgment was improper as to his general-negligence claim because he raised genuine issues of material fact regarding the challenged elements of duty, breach, and proximate cause. In his second issue, he argues that the Yacht Club was not entitled to summary judgment as to his premises-liability claim because it failed to establish that he was a trespasser as a matter of law. We will address his second issue first.

### *Premises Liability*

Somoza argues that the trial court erred in granting summary judgment on his premises-liability claim "because there is a disputed fact issue as to whether [he] was a trespasser, a licensee, or some other category of plaintiff." He asserts that the Yacht Club failed to meet its burden of showing that he was a trespasser as a matter of law because his evidence, "in conjunction with judicial notice of the public nature of the Lake and applicable LCRA Ordinances (and common sense), support[s] the existence of genuine issues of material fact." On the contrary, he urges, he was *not* a trespasser because the Yacht Club does not own or possess the waters of Rough Hollow Cove where he was injured, because those waters are the property of the State and are held open for public use. Therefore, because he was "at least" a licensee, Somoza argues that the Yacht Club had a duty

6

to either warn him of the dangers posed by its partially submerged cable or to make the cable reasonably safe.

The Yacht Club responds to Somoza's argument by urging that if in fact the premises where Somoza was injured was public, then the Yacht Club cannot be considered the owner or controller of the premises and thus owed him no duty. "[T]o prevail on a premises liability claim a plaintiff must prove that the defendant possessed—that is, owned, occupied, or controlled—the premises where injury occurred." *Wilson v. Texas Park & Wildlife Dep't*, 8 S.W.3d 634, 635 (Tex. 1999). A plaintiff must prove that the defendant had control over and responsibility for the premises before a duty can be imposed on the defendant. *County of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002); *see Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 324 (Tex. 1993) (defendant must have had control of premises to be liable under premises liability). The control that the defendant had over the premises must relate to the condition or activity that caused the injury. *See Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527-28 (Tex. 1997).

"But a premises-liability defendant may be held liable for a dangerous condition on the property if it 'assum[ed] control over and responsibility for the premises,' even if it did not own or physically occupy the property." *County of Cameron*, 80 S.W.3d at 556 (quoting *City of Denton v. Van Page*, 701 S.W.2d 831, 835 (Tex. 1986)). "The relevant inquiry is whether the defendant assumed sufficient control over the part of the premises that presented the alleged danger so that the defendant had the responsibility to remedy it." *Id.* In his petition, Somoza pleaded without further elaboration that the Yacht Club "had control" of the area of the lake in which the accident occurred. In response, the Yacht Club produced evidence that its independent contractors, Floating Dock

Supply and Spillar Boat Docks, had in fact assumed control over the floating docks and attached cables. Haythem Dawlett, a limited partner of the Yacht Club, testified that Ed Thompson of Floating Dock Supply provided the Yacht Club a turnkey marina, and that Floating Dock Supply subcontracted with Spillar Boat Docks to perform the work. Kyle Spillar, who installed and maintained the docks, testified that the Yacht Club did not participate in either the installation or the maintenance of the docks.

It is well established that "an owner or occupier of land does not owe any duty to ensure that an independent contractor performs his work in a safe manner." *Hoechst-Celanese Corp. v. Mendez*, 967 S.W.2d 354, 356 (Tex. 1998) (citing *Abalos v. Oil Dev. Co.*, 544 S.W.2d 627, 631 (Tex. 1976)); *see Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 791 (Tex. 2006); *Williams*, 952 S.W.2d at 527. In light of the Yacht Club's uncontroverted summary-judgment evidence that it did not exercise actual control over the premises where Somoza was injured or retain the right to control the work of its independent contractors in installing and maintaining those premises, we conclude that the Yacht Club conclusively negated the essential element of duty. Therefore, the trial court did not err in granting summary judgment in favor of the Yacht Club on Somoza's premises-liability claims, regardless of whether he was a licensee or a trespasser.[2] We overrule Somoza's second issue.

---

[2] Further, because Somoza did not argue or attempt to show that maintaining a floating dock is an inherently dangerous activity, we reject his argument that the duty owed by the Yacht Club is non-delegable. *Cf. Alamo National Bank v. Kraus*, 616 S.W.2d 908 (Tex. 1981) (property owner's duty not to endanger public highway users by its negligent demolition of three-story building adjacent to highway could not be delegated to independent contractor).

*General Negligence*

In addition to premises liability, Somoza brought a cause of action for general negligence, i.e., negligent activity, alleging that the Yacht Club owed him a duty to make safe or warn of the dangerous condition it placed on its private property adjacent to the public waterway. The Yacht Club argued in its motion for summary judgment, among other grounds, that Somoza's pleadings did not allege a cause of action for general negligence, but instead could only reasonably be construed to allege a premises-liability claim.

Although a litigant may maintain causes of action for both general negligence and premises liability, *see Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005), under the general-negligence theory of recovery, the claimant's injury must result from the defendant's contemporaneous activity. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). To recover under a negligent-activity theory, the injured party must have been injured by, or as a contemporaneous result of, the activity itself, not by a condition the activity created. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). When the alleged injury is the result of the condition of the premises, the injured party can only recover under a premises-defect theory. *H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992); *see also Shumake*, 199 S.W.3d at 284 (stating that premises-defect claim is based on the existence of unsafe condition on property).

Somoza alleged that he was injured when his jet ski collided with an unseen, partially submerged metal cable, which constituted a dangerous condition known to the Yacht Club that it failed to warn of or make reasonably safe. He did not allege that he was injured by any negligent activity on the part of the Yacht Club. Thus, the Yacht Club asserts that Somoza's pleadings,

9

even construed liberally, exceeded simple negligence and differed substantially from those required to trigger a negligent-activity claim. *See Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998) (stating that claimant did not allege she was injured "by or as a contemporaneous result of any activity of defendants" so as to state negligent-activity claim). *But see Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010) (noting that "[t]he lines between negligent activity and premises liability are sometimes unclear . . . ."). Accordingly, the Yacht Club argues that Somoza's pleadings invoked only a premises-liability claim, thereby imposing on him the more rigorous proof required by that cause of action. *See Clayton Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 529 (Tex. 1997) (holding that premises-liability case requires specific pleadings and proof beyond simple negligence).

Assuming without deciding that Somoza could bring a claim for general negligence despite his failure to allege injury resulting from any contemporaneous activity by the Yacht Club, he has still failed to establish the existence of a duty to support a claim in negligence. *See Smith v. Merritt*, 940 S.W.2d 602, 604 (Tex. 1997) ("In determining whether a cause of action in negligence exists, the threshold inquiry is whether the defendants owed the plaintiffs a legal duty."); *see also Texas Home Mgmt., Inc. v. Peavy*, 89 S.W.3d 30, 33 (Tex. 2002) (whether duty exists is question of law for court to decide from surrounding facts). The plaintiff must establish both the existence and violation of a duty owed to the plaintiff by the defendant to establish liability in tort. *Id.*; *see Humble Sand & Gravel, Inc. v. Gomez*, 146 S.W.3d 170, 182 (Tex. 2004).

Somoza argues that the Yacht Club owed him, as a member of the general public, a duty to make safe or warn of the dangerous condition it placed on its private property adjacent

10

to the public waterway, analogizing this case to the facts in *Alamo National Bank v. Kraus*, 616 S.W.2d 908 (Tex. 1981). In *Kraus*, a passing motorist was killed when the unsupported wall of a three-story building that was in the process of being demolished collapsed onto an adjacent public street. 616 S.W.2d at 909. Based on evidence that the building owner did nothing to protect the passing pedestrians and motorists during the months-long demolition project and that it had been warned the day of the accident that the wall in question was leaning and posed a dangerous condition, the jury found the building owner negligent and grossly negligent. *Id.* at 909-10. In upholding the award of exemplary damages, the supreme court acknowledged that the "owner or occupant of premises abutting a highway has a duty to exercise reasonable care not to jeopardize or endanger the safety of persons using the highway as a means of passage or travel." *Id*. at 910. Comparing the "public waterway" where he was operating his jet ski to the public highway in *Kraus*, Somoza urges this Court to recognize a duty owed by the Yacht Club in this case.

As the Yacht Club points out, however, *Kraus* involved an inherently dangerous activity, which precluded the property owner from delegating its duty to an independent contractor in order to relieve itself of liability in negligence. *See Fifth Club, Inc.*, 196 S.W.3d at 799 (describing exception to rule that landowner or employer is not liable for injuries caused by acts or omissions of contractors or servants when work is inherently dangerous, as articulated by *Kraus*). In the absence of such pleadings or proof in this case that the installation or maintenance of the docks was an inherently dangerous activity, we conclude that, based on our foregoing analysis, the Yacht Club established as a matter of law that it owed Somoza no duty as a result of its delegation of control over the marina to its independent contractors. We overrule Somoza's first issue.

11

**CONCLUSION**

Having overruled Somoza's issues on appeal, we affirm the summary judgment in favor of the Yacht Club.

 

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed:   July 20, 2010